The STATE of Ohio, Appellee,

v.

BOX, Appellant.

[Cite as *State v. Box* (1993), 89 Ohio App.3d 614.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 63188.

Decided July 26, 1993.

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *Thomas E. Conway*, Assistant Prosecuting Attorney, for appellee.

*Hyman Friedman*, Cuyahoga County Public Defender, and *Robert M. Ingersoll*, Assistant Public Defender, for appellant.

PATTON, Presiding Judge.

Defendant-appellant Isiah Box appeals his convictions for felonious assault, R.C. 2903.11(A)(1), and kidnapping, R.C. 2905.01, as a result of his participation in the homicide of Preston Foster. Appellant waived his right to a jury trial and his case was tried to a three-judge panel. The following facts are adduced from the record on appeal.

On January 31, 1990, Harlan Page agreed to give the victim, Preston Foster, a ride to the Ohio License Bureau in downtown Cleveland so that Foster could obtain a state identification card. Page initially drove Foster to his mother's apartment, where he obtained his Social Security card and birth certificate.

After Foster obtained his state identification card, he and Page had lunch and then proceeded to the Garden Valley Estates housing project, where they visited Foster's girlfriend.

While at the apartment, Page heard a knock on the door and a voice asking for Foster. Foster opened the door and one of a group of men grabbed him around the neck and placed a black revolver to his head. The gunman escorted Foster out of the apartment. Page did not recognize the gunman, but he was able to identify Roth Cage as one of the gunman's companions.

Roth Cage testified that he was with Johnnie Griffin, who was appellant's brother, and Rodney Allen the day of January 31, 1990. Following an unsuccessful attempt to locate Harlan Page's house, the trio drove to the Garden Valley Estates in search of Foster. While there, they discovered Keith Reader, who led them to the apartment of Foster's girlfriend. When Foster answered the door, Griffin pulled out a gun, grabbed Foster, and escorted him back to the car.

Cage, Griffin and Allen drove Preston to an apartment that was shared by Allen and the appellant. On the way to the apartment, Griffin obtained jewelry and a pager from Foster. As the group ascended the stairs to the apartment, Griffin struck Preston over the head with the gun. After entering the apartment, Griffin forced Foster into a closet. A short time later, Foster was let out of the closet. Thereafter, appellant arrived at his apartment and as he was entering asked, "where is he?" When appellant saw Foster, he proceeded to beat him with his fists. He then struck Foster over the head with a standup metal ashtray that weighed about five pounds. After approximately five minutes, Cage and Allen restrained appellant and at that time Cage observed blood running down Foster's neck. Foster was then placed back into the closet by Griffin.

Following a telephone conversation, Cage and Allen left the apartment to pick up appellant's female cousin and another companion. Approximately forty minutes later, they returned to the apartment. At that time, Cage observed appellant's friend "wiping something off of the floor." He also observed Johnnie Griffin with blood on his socks. When Griffin saw Cage and the others, he ordered them to leave. They complied with Griffin's order and left.

A few weeks later, Cage was at the apartment visiting the appellant. During his visit, he looked into the closet where Foster had been confined. He observed what appeared to be a blood smear on the wall. Appellant discovered him

looking into the closet and asked him what he was looking for. On a subsequent visit, Cage noticed that a portion of the closet had been repainted.

On March 8, 1990, two employees of the Cleveland Electric Illuminating Company were inspecting a manhole on East 78th Street when they discovered the victim's body. They notified the Cleveland Police Department of the discovery. Thereafter, the body was recovered and sent to the county coroner's office. Mrs. Foster later identified the body as the remains of her son Preston.

The coroner ruled Foster's death to be a homicide with the cause of death being a gunshot wound to the head. The presence of powder burns on the wound indicated that the gun muzzle was in contact with the skin when the gun was discharged. The coroner also noted a bruise on the victim's head and a three-fourths-inch laceration at the back of the victim's head that suggested Foster had been struck by a blunt instrument.

The police investigation of Foster's death was conducted by Det. Sherwood. The investigation led to the arrest of appellant, Rodney Allen and Johnnie Griffin. When appellant was arrested, he was wearing the jewelry Foster had been wearing prior to his death.

Appellant was subsequently indicted with Griffin and Allen. Counts one and two of the indictment charged appellant with aggravated murder under R.C. 2903.01(A) and (B), with felony murder and firearm specifications. Count three charged kidnapping in violation of R.C. 2905.01, with a firearm specification and an allegation that he failed to release the victim in a safe place unharmed.

On November 11, 1990, appellant's bench trial before a three-judge panel commenced. Following the testimony of the state's witnesses, appellant moved for judgment of acquittal pursuant to Crim.R. 29. The trial court granted the appellant's motion for acquittal on count two and reduced the charge on count one to felonious assault in violation of R.C. 2903.11(A)(1). Thereafter, trial proceeded on reduced count one and on count three of the indictment.

Appellant testified on his own behalf. He stated that when he returned to his apartment, Cage informed him that Foster was in the apartment. Appellant explained that two weeks earlier, Foster had stolen some jewelry and a pager from him. Appellant further testified that he pushed Foster when he saw him. According to appellant, he then left the apartment and upon his return Foster was no longer there. When he asked Griffin about Foster's whereabouts, Griffin told him not to worry about it. Appellant denied striking Foster with his fists or an ashtray. He further denied any involvement in the kidnapping or murder of Foster.

Following the presentation of all the evidence, the trial court found the appellant guilty of the remaining counts of felonious assault and kidnapping.

Appellant was subsequently sentenced to three to fifteen years for the felonious assault and five to twenty-five years for the kidnapping. Appellant's motion for a delayed appeal was granted and the instant appeal followed.

Appellant's first assignment of error provides:

"I.  Isiah Box was deprived of his liberty without due process of law by his conviction for felonious assault which was not a lesser included offense of the offense with which he had been indicted, aggravated murder."

■ Appellant argues that his conviction for felonious assault violates the notice requirements of the United States and Ohio Constitutions because it is not a lesser included offense of aggravated murder. For the following reasons, appellant's argument lacks merit.

A defendant may be convicted of lesser included offenses of the charges contained in an indictment. R.C. 2945.74 provides:

"When the indictment or information charges an offense, including different degrees, or if other offenses are included within the offense charged, the jury may find the defendant not guilty of the degree charged but guilty of an inferior degree thereof or lesser included offense."

In determining whether appellant was properly convicted of felonious assault, we must determine whether R.C. 2903.11(A)(1) is a lesser included offense of R.C. 2903.01(A), aggravated murder.

In *State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, the Ohio Supreme Court held:

"An offense may be lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense. (*State v. Kidder* [1987], 32 Ohio St.3d 279, 513 N.E.2d 311, modified.)" *Id.* at paragraph three of the syllabus.

Moreover, we note that this court has previously held that felonious assault, a violation of R.C. 2903.11, is a lesser included offense of attempted murder. *State v. Mabry* (1982), 5 Ohio App.3d 13, 5 OBR 14, 449 N.E.2d 16; *State v. Whalen* (Nov. 27, 1991), Cuyahoga App. No. 59366, unreported, 1991 WL 251668.

Appellant was convicted of felonious assault under R.C. 2903.11(A)(1), which provides:

"No person shall knowingly cause serious physical harm to another."

R.C. 2903.11(B) states that a violation of this section is an aggravated felony of the second degree.

Appellant was indicted for aggravated murder under R.C. 2903.01(A), which provides:

"No person shall purposefully and with prior calculation and design, cause the death of another."

R.C. 2929.02(A) states that whoever is found guilty of aggravated murder in violation of R.C. 2903.01 shall suffer death or be imprisoned for life.

R.C. 2903.11(A)(1) satisfies the three requirements set forth in *Deem*. Felonious assault under R.C. 2903.11(A)(1) is a crime of lesser degree which carried a lesser penalty than aggravated murder. The offense of aggravated murder under R.C. 2903.01(A) cannot be committed without the offense of felonious assault also being committed because proof of purpose is also proof of knowledge pursuant to R.C. 2901.22(E). Further, aggravated murder under R.C. 2903.01(A) requires proof that the defendant with prior calculation and design caused the death of another, which is not required to prove the commission of the lesser offense of felonious assault.

Consistent with the foregoing, we find that felonious assault, a violation of R.C. 2903.11(A)(1), is a lesser included offense of aggravated murder under R.C. 2903.01(A). See, also, *State v. Griffin* (Dec. 3, 1992), Cuyahoga App. No. 61436, unreported, 1992 WL 357221, wherein this court affirmed the felonious assault conviction of appellant's co-defendant who had also been charged with aggravated murder. Thus, appellant's first assignment of error is without merit and is overruled.

Appellant's second assignment of error provides:

"II. Isiah Box has been deprived of his liberty without due process of law by his convictions for felonious assault and kidnapping, neither of which were [*sic*] supported by sufficient evidence to prove his guilt beyond a reasonable doubt."

Appellant's second assignment of error challenges the sufficiency of the evidence regarding his convictions for felonious assault and kidnapping. Appellant's arguments lack merit.

A reviewing court will not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the state has proved the offense beyond a reasonable doubt. *State v. Eley* (1978), 56 Ohio St.2d 169, 10 O.O.3d 340, 383 N.E.2d 132. The test for sufficiency review is set forth in *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 218–219, 485 N.E.2d 717, 720:

"As to the claim of insufficient evidence, the test is whether after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the

essential elements of the offense beyond a reasonable doubt. The claim of insufficient evidence invokes an inquiry about due process. It raises a question of law, the resolution of which does not allow the court to weigh the evidence." *Id.*, citing *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573.

■ Appellant initially argues there was no evidence that the appellant caused serious physical harm to the victim. The record does not support appellant's argument.

The testimony of Roth Cage reflects that the appellant beat the victim with his fists for approximately five minutes. The attack by the appellant culminated when he struck the victim over the head with a five-pound metal ashtray. Moreover, following appellant's attack, Cage observed blood running down the victim's neck.

Viewing the evidence and testimony presented and the inferences reasonably drawn therefrom in a light most favorable to the prosecution, we conclude that a rational trier of fact could reasonably find that appellant knowingly caused serious physical harm to the victim. We thus find that the state presented sufficient evidence to establish felonious assault.

■ Appellant next argues there was insufficient evidence to establish his participation in the kidnapping of the victim. We disagree.

Appellant was convicted of kidnapping in violation of R.C. 2905.01, which provides:

"(A) No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where he is found or restrain him of his liberty, for any of the following purposes:

" * * *

"(2) To facilitate the commission of any felony or flight thereafter;

"(3) To terrorize, or to inflict serious physical harm on the victim or another[.]"

In the instant case, there was evidence presented that the victim had previously stolen jewelry and a pager from the appellant. It was also established that Johnnie Griffin, appellant's brother, abducted the victim at gunpoint and forced him to proceed into appellant's apartment. Upon entering the apartment, the appellant immediately inquired, "where is he?" He then assaulted the victim by beating him with his fists and striking him over the head with a metal ashtray.

Viewing the evidence and testimony presented and the inferences reasonably drawn therefrom in a light most favorable to the prosecution, we conclude that a

rational trier of fact could reasonably find that appellant forcefully restrained the victim to terrorize him. We thus conclude that the state presented sufficient evidence to establish appellant's participation in the victim's kidnapping.

Accordingly, appellant's second assignment of error lacks merit and is overruled.

Appellant's third assignment of error provides:

"III. Isiah Box has been deprived of his constitutional right not to be placed in jeopardy two times for the same offense by his convictions kidnapping and felonious assault, when the two crimes are, under the facts of the case, allied offenses of similar import."

Appellant argues that the trial court erred by finding him guilty and sentencing him on kidnapping and felonious assault charges because they are allied offenses under the circumstances of this case. Appellant's argument lacks merit.

Appellant maintains that his conviction for felonious assault should be set aside and merged with his kidnapping conviction pursuant to R.C. 2941.25, which provides:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

Under R.C. 2941.25, a two-tiered test must be undertaken to determine whether two or more crimes are allied offenses of similar import. In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses. *State v. Blankenship* (1988), 38 Ohio St.3d 116, 117, 526 N.E.2d 816, 817; *Newark v. Vazirani* (1990), 48 Ohio St.3d 81, 549 N.E.2d 520.

In applying R.C. 2941.25 to the crimes of felonious assault and kidnapping, the Supreme Court has stated:

"Kidnapping requires proof that a defendant (1) knowingly, (2) by force, (3) restrained another of his liberty. To establish the offense of felonious assault there must be proof that a defendant (1) knowingly (2) caused serious physical harm to another.

"Comparing the elements of the two crimes, we do not find that the elements correspond to such a degree that the commission of kidnapping necessarily results in the commission of felonious assault. A kidnapping may occur without a felonious assault. Likewise, a felonious assault may occur absent the existence of a kidnapping. A person may seriously injure another without restraining the victim of his or her liberty." *State v. Blankenship, supra,* 38 Ohio St.3d at 118, 526 N.E.2d at 818.

In the instant case, the appellant's participation in the restraint of the victim in appellant's apartment continued after the felonious assault had been completed. The victim's liberty continued to be restrained after the felonious assault (the striking of the victim by appellant with his fists and an ashtray) had taken place. Under these circumstances, the restraint of the victim was not merely incidental to the crime of felonious assault. We thus conclude, on the specific facts of this case, that the offenses of kidnapping and felonious assault are not allied offenses of similar import. Accordingly, appellant's third assignment of error is overruled.

Appellant's fourth assignment of error provides:

"IV. Isiah Box was deprived [of] his constitutional right to effective assistance of counsel by counsel's failure to object to his multiple sentences for allied offenses of similar import."

In light of this court's disposition of appellant's third assignment of error wherein it was determined that appellant's convictions for felonious assault and kidnapping were not allied offenses of similar import, appellant's fourth assignment of error also lacks merit. It is thus overruled.

*Judgment affirmed.*

JAMES D. SWEENEY and NUGENT, JJ., concur.