CITY OF NEWARK, APPELLEE, v. VAZIRANI, APPELLANT.

[Cite as Newark v. Vazirani (1990), 48 Ohio St. 3d 81.]

(No. 88-1750 — Submitted November 15, 1989 — Decided January 31, 1990.)

*Michael F. Higgins,* assistant director of law, for appellee.

*John A. Connor II Co., L.P.A.,* and *John A. Connor II,* for appellant.

WRIGHT, J. Appellant Vazirani's third proposition of law presents us with the narrow but recurring question of whether a municipality may obtain two convictions for crimes arising out of the same act and circumstances. Specifically, appellant asks us whether selling beer to a person under age nine-

teen, as defined under Newark Codified Ordinances Section 612.02, and acting in a way tending to cause unruliness or delinquency in a child, under Newark Codified Ordinances Section 636.125(2), are "allied offenses of similar import" as defined by R.C. 2941.25(A). Given the facts of this case we find that they are, and that appellant may be convicted of only one of the offenses charged.

R.C. 2941.25 sets the parameters for when the state may obtain convictions for two or more allied crimes of similar import. R.C. 2941.25(A) generally bars the state from obtaining convictions for allied offenses of similar import:

"Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."

R.C. 2941.25(B) sets forth the only exceptions to this bar, allowing conviction for allied offenses of similar import when the defendant's "* * * conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each * * *."

We have dealt with the issue of allied offenses of similar import on numerous occasions and have "* * * set forth a two-tiered test to determine whether two crimes with which a defendant is charged are allied offenses of similar import * * *." *State* v. *Blankenship* (1988), 38 Ohio St. 3d 116, 117, 526 N.E. 2d 816, 817. In *State* v. *Blankenship,* Justice Douglas stated:

"In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court

must then proceed to the second step. In the second step, the defendant's *conduct* is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses. *State* v. *Mughni* (1987), 33 Ohio St. 3d 65, 67, 514 N.E. 2d 870, 872; *State* v. *Talley* (1985), 18 Ohio St. 3d 152, 153-154, 18 OBR 210, 211-212, 480 N.E. 2d 439, 441; *State* v. *Mitchell* (1983), 6 Ohio St. 3d 416, 418, 6 OBR 463, 464, 453 N.E. 2d 593, 594; *State* v. *Logan* (1979), 60 Ohio St. 2d 126, 128, 14 O.O. 3d 373, 374, 397 N.E. 2d 1345, 1348."

Under this analysis, we must first compare the elements of the two offenses with which appellant was charged. Appellant was first charged with the sale of beer to a person under legal age, the elements of which are an illegal sale, of beer, to a person under nineteen years of age. Appellant was also charged with committing an act tending to cause unruliness or delinquency of a child. The elements of that section are an act, that tends to cause unruliness or delinquency, in a person under eighteen years of age. John Cooperider was sixteen years of age at the time of sale.

We think it apparent that the elements of these two crimes are so similar that the commission of one offense necessarily results in the commission of the other offense as applied to the facts of this case. The offenses for which appellant was charged were the result of one rapid transaction. A police officer supplied the "buy" money. John Cooperider never had the opportunity to consume the beer, since it was immediately turned over to the police officer supervising this activity.

However, appellant did sell to a person sixteen years of age an

alcoholic beverage prohibited to that person. Thus this court finds that as a matter of law on these particular facts, this sale constitutes a violation of the prohibition against an act tending to cause unruliness or delinquency in a child.

We note that appellant was not charged with the offense of aiding, abetting, inducing, causing, encouraging or contributing to unruliness or delinquency in a child.[1] The state might have been able to distinguish the offense of selling from aiding and abetting, on the basis that the aiding and abetting offense would require additional elements to be proven to convict on that offense. But defendant was *not* charged with aiding and abetting. Since selling beer to a person sixteen years of age is a violation of the elements of the second offense of tending to cause unruliness or delinquency in a child, in this particular case we hold that the two offenses are allied offenses of similar import and proceed to the next step in the test. Accord *State* v. *Miclau* (1957), 167 Ohio St. 38, 4 O.O. 2d 6, 146 N.E. 2d 293; *State* v. *Gans* (1958), 168 Ohio St. 174, 5 O.O. 2d 472, 151 N.E. 2d 709.

It must be determined if the two offenses for which appellant was charged were committed separately or with a separate animus for each crime. (*State* v. *Blankenship, supra.*) It is beyond cavil that the two offenses were committed at one and the same moment and thus could not be committed separately. We would emphasize that no time span separated the commission of these two offenses.

---

[1] So reads Newark Codified Ordinances Section 636.125(a)(1) (corresponding to R.C. 2919.24[A][1]).

It is also beyond dispute that defendant possessed no separate animus in the commission of each of these offenses. "Animus" has been defined as "* * * purpose, intent, or motive * * *" by Judge Alba Whiteside, in his concurring opinion in *State* v. *Blankenship, supra,* at 119, 526 N.E. 2d at 819. The state has failed to demonstrate how defendant was possessed of a separate animus for each offense since defendant was involved in a single discrete sale at one moment in time with no other apparent purpose, intent, or motive, than to complete a retail transaction.

We have found first that under R.C. 2941.25(A) the offenses for which appellant was charged were allied offenses of similar import. Second, under R.C. 2941.25(B) the state has failed to demonstrate the crimes charged were committed separately or with a separate animus for each offense. Therefore we hold that under R.C. 2941.25(A) appellant may be convicted of only one of the offenses for which he was charged.

We thus reverse on the question of allied offenses of similar import, affirming so much of the opinion of the Court of Appeals for Licking County as does not deal with this question, and remand the cause to the trial court for resentencing in accordance with our opinion.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

MOYER, C.J., SWEENEY, DOUGLAS and H. BROWN, JJ., concur.

HOLMES, J., concurs in judgment only.

RESNICK, J., dissents.