947 F.2d 947
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dale D. WHITE, Petitioner-Appellant,
v.
Norris W. McMACKIN, Supt., Respondent-Appellee.
 No. 91-3410.
 United States Court of Appeals, Sixth Circuit.
 Nov. 5, 1991.
 
 Before KEITH, DAVID A. NELSON and SILER, Circuit Judges.
 
 ORDER
 
 1
 Dale White, an Ohio prisoner, appeals the judgment of the district court that dismissed his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A jury found White guilty of aggravated robbery, Ohio Rev.Code Ann. § 2911.01, with a firearm specification, and a prior felony specification, and one count of having a weapon under a disability, Ohio Rev.Code Ann. § 2923.13. He was sentenced to 18 years imprisonment.
 
 
 3
 In his petition for habeas relief, White argued that his conviction for having a firearm while under a disability violated the due process clause due to the lack of evidence that he constructively possessed the firearm carried by his co-defendant during the robbery. Additionally, White argued that his consecutive sentences for aggravated robbery with a prior felony specification and for having a firearm while under a disability violated the protection against multiple punishments under the double jeopardy clause because his conduct involved merely two allied offenses of similar import under Ohio's statute governing punishment for multiple counts. Ohio Rev.Code Ann. § 2941.25(A).
 
 
 4
 The district court adopted the report and recommendation of the magistrate judge and dismissed White's petition. Upon review, we find no error.
 
 
 5
 Based upon the undisputed facts contained in the record, there exists sufficient evidence to satisfy Ohio's common law definition of "constructive possession." State v. Hardy, 397 N.E.2d 773 (Ohio App.1978); State v. Wolery, 348 N.E.2d 351 (Ohio 1975), cert. denied, 429 U.S. 932 (1976); . Secondly, White fails to satisfy the first prong of the test set forth in Newark v. Vazirani, 549 N.E.2d 520 (Ohio 1990), for determining whether two or more crimes are allied offenses of similar import. Aggravated robbery and having a firearm under a disability do not have sufficiently corresponding elements that the commission of one offense necessarily constitutes the commission of the other. Therefore, no double jeopardy violation occurred. See Blockburger v. United States, 284 U.S. 299, 304 (1932).
 
 
 6
 Accordingly, the judgment of the district court is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.