OPINION
Defendant-appellant, Jacques Smith, appeals his convictions in the Clermont County Court of Common Pleas for Trafficking in Drugs, in violation of R.C. 2925.03(A)(1), and Corrupting Another with Drugs, in violation of R.C.2925.02(A)(4)(a). Following a thorough review of the record, we affirm the trial court's decision in part and reverse in part.
Appellant's legal relationship with Teeya Doggett ("Teeya"), a juvenile, is unclear from the record. However, it appears that at a minimum, appellant was given a power of attorney to make decisions regarding Teeya's education. At all times pertinent to this appeal, appellant and Teeya lived on a farm in the City of Milford, in Clermont County.
The record reveals that Teeya often had friends visit her at the farm. Through testimony elicited at trial, it was revealed that appellant frequently shared drugs, specifically marijuana, with several of Teeya's friends, all juveniles, when they visited the farm. For example, one of Teeya's friends, Jessie, testified that once while she was visiting Teeya at the farm, "Jack [appellant] packed the bowl and we passed it around and smoked it." At least three other juveniles testified similarly at trial, stating either that appellant personally offered them marijuana, or retrieved it from his person in their presence and proceeded to pass it around.
Contrary to this testimony, however, in a voluntary statement given to the Milford police, appellant emphatically denied ever providing drugs to juveniles. Instead, appellant claimed he was attempting to gain the juveniles' confidence in order to infiltrate a drug ring and stop their use of illegal drugs. Additionally, at trial, Teeya testified that appellant had never furnished her with marijuana, and that she had purchased her marijuana from dealers in the area.
On October 9, 1996, a Clermont County Grand Jury returned a twenty-eight count indictment against appellant. The first sixteen counts, excluding Count 9, charged trafficking in marijuana, in violation of former R.C. 2925.03(A)(1). Because the ninth count alleged that the trafficking occurred on or about August 1996, it was charged under the revised version of R.C.2925.03(A)(1), which became effective July 1, 1996. Counts 17 and 18 charged aggravated trafficking in Lysergic Acid Diethylamide ("LSD"), in violation of former R.C. 2925.03(A)(1). All of the first eighteen counts included a specification that the alleged violations occurred within one hundred feet of a juvenile or within the view of a juvenile. Counts 19 through 28 charged appellant with corrupting another with marijuana under former R.C. 2925.02(A)(4)(a). Each of the final ten counts included a specification that the offenses were committed within one thousand feet of a school.
Two months prior to trial, appellant filed a Motion to Dismiss in which he contended that he had been wrongfully indicted. On June 3, 1997, the matter was argued to the court. On June 11, 1997, finding appellant's contentions not well-taken, the trial court overruled appellant's Motion to Dismiss.
On June 30 and July 1, 1997, the case was tried to the bench. Five counts were dismissed upon the state's motion and eleven additional counts were dismissed pursuant to a Motion for Acquittal. On July 2, 1997, the trial court announced its decision, finding appellant not guilty on three additional counts, but guilty on seven counts of trafficking (Counts 1, 2, 5, 9, 11, 14 and 15) and two counts of corrupting (Counts 19 and 26).
Following a presentence investigation, appellant was sentenced to serve two-year terms of incarceration on six of the seven trafficking counts (1, 2, 5, 11, 14 and 15), one sixteen-month term on the ninth trafficking count[1] and two one-year terms on the corrupting counts (Counts 19 and 26). Appellant timely appeals, asserting five assignments of error.
Assignment of Error No. 1:
 BY WRONGFULLY WITHHOLDING SUCH THINGS AS GRAND JURY TRANSCRIPTS, INTERVIEW STATEMENTS, LETTERS INDICATING POTENTIAL BIAS OF WITNESSES, AND A 45 MINUTE TAPE WHEREIN A THIRD PARTY ADMITS TO COMMITTING THE ILLEGAL ACT ALLEGED IN ALL 28 COUNTS, TO THE PREJUDICE OF THE DEFENDANT AND IN VIOLATION OF CRIMINAL RULE 16(B) AND MARYLAND V. BRADY, [sic] THE PROSECUTION EVISCERATED JACQUES SMITH'S RIGHTS TO DUE PROCESS OF LAW AND HIS RIGHT TO A FAIR TRIAL AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE CONSTITUTION OF THE STATE OF OHIO.
Pursuant to Brady v. Maryland (1963), 373 U.S. 83, 87,83 S.Ct. 1194:
 [t]he suppression by the prosecution of evidence favorable to the accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.
In this assignment of error, appellant contends that the prosecution violated the principles set forth in Brady by withholding exculpatory evidence. Specifically, appellant contends that the prosecution did not produce certain exculpatory evidence until it was either ordered to do so by the trial court, or at trial. Appellant contends that he suffered prejudice as much of the evidence withheld pertained to certain juveniles who testified against him at trial, but was not turned over until after these particular juveniles had testified. Conversely, the prosecution contends that the rule set forth in Brady only applies to situations involving the discovery, after trial, of material information which had been known to the prosecution but unknown to the defense.
Appellant asserts four violations of Brady, alleging that the prosecution did not timely disclose: (1) grand jury transcripts of two juveniles involved, (2) written statements which had been provided to the police, (3) a tape of Teeya's interview with police and (4) police notes which contained a list of students who claimed to have seen appellant smoking marijuana at a party held at the farm.
In State v. Wickline (1990), 50 Ohio St.3d 114, the Ohio Supreme Court held that Brady applies only in situations where information known to the prosecution, but unknown to the defense, is discovered after trial. Id. at 116. A review of the record reveals that the material alleged to be exculpatory was disclosed either prior to, or during the trial. The grand jury transcripts were disclosed pursuant to a court order after a pretrial conference, the written statements were revealed at trial, the taped statement was provided to the defense pursuant to court order during the trial, and the juveniles' statements were disclosed to the defense during trial.
Accordingly, because all alleged Brady materials were revealed either prior to or during the trial, this court does not find a violation of Brady which would require a reversal or new trial. Accordingly, appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE FINDING AND JUDGMENT OF THE TRIAL COURT WAS BASED UPON INSUFFICIENT EVIDENCE TO SUPPORT A CONVICTION THAT JACQUES SMITH WAS GUILTY OF PROVIDING OR FURNISHING MARIJUANA TO TEEYA DOGGETT, WHERE MS. DOGGETT TESTIFIED THAT DEFENDANT NEVER PROVIDED/FURNISHED HER MARIJUANA AND WHERE THERE WAS INSUFFICIENT EVIDENCE OTHERWISE TO SUPPORT A CONVICTION.
Appellant asserts that the evidence was insufficient as a matter of law to convict him on Counts 14, 15 and 26 which specifically relate to providing or furnishing marijuana to Teeya. The proper standard of review for a sufficiency of the evidence claim was articulated in the second paragraph of the syllabus in State v. Jenks (1991), 61 Ohio St.3d 259:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.
Thus, it is a test of "whether the state has met its burden of production at trial." State v. Thompkins (1997), 78 Ohio St.3d 380,390 (Cook, J., concurring).
In Counts 14 and 15, appellant was charged with trafficking marijuana under the former R.C. 2925.03(A)(1).[2] In Count 26, appellant was charged with corrupting another with marijuana under the former R.C. 2925.02(A)(4)(a).[3] Because Teeya testified that appellant had never furnished nor supplied her with marijuana, appellant contends there was insufficient evidence to support his convictions with respect to these particular counts.
However, having thoroughly reviewed the record before this court, we find appellant's contentions without merit. Several juveniles who smoked marijuana at the farm with Teeya and appellant testified that appellant was the one who furnished the marijuana. In light of this testimony, we find the prosecution put forth sufficient evidence which would, if believed, support the convictions on the above referenced counts. Accordingly, appellant's second assignment of error is overruled.
Assignment of Error No. 3:
 THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO SUPPORT A FELONY CONVICTION FOR THE SALE OF MARIJUANA WHERE THE RECORD DEMONSTRATES ALL TRANSFERS WERE MADE BY "GIFT".
A careful examination of the language contained in Ohio's trafficking statute, R.C. 2925.03, is required in order to properly analyze this assignment of error. Specifically, R.C.2925.03(A)(1) prohibits a person from "sell[ing] or offer[ing] to sell a controlled substance." Pursuant to R.C. 3719.01(CC),[4]
a "sale" of controlled substances includes "delivery, barter, exchange, transfer, gift or offer thereof." See, also, Ohio v. Sway (1984), 15 Ohio St.3d 112, 113. Thus, we note that for purposes of conviction, it is irrelevant whether these exchanges of controlled substances were "sales" in the traditional sense, or "gifts," as either satisfies the legal requirement necessary to convict an individual of a trafficking in a controlled substance.
However, for purposes of sentencing, whether these exchanges were properly categorized as "sales" or "gifts" is an important distinction. If they are "sales," then pursuant to R.C. 2325.03
(E)(1)(b),[5] appellant should be sentenced for third degree felonies. If they are "gifts," then pursuant to R.C.2325.03(E)(7),[6] appellant should be sentenced for third degree misdemeanors.
The classification of these exchanges of marijuana as "sales" or "gifts," involves difficult and mixed questions of fact and law. Appellant contends that the trial court's determination was based upon evidence that was "insufficient as a matter of law." As noted above, the proper standard of review for a sufficiency of the evidence claim is "a test of adequacy," Thompkins at 386, or a question of "whether the state has met its burden of production at trial." Thompkins at 390 (Cook, J., concurring).
When questioning whether appellant's provisions of marijuana to the juveniles were "sales" or "gifts," the trial court concluded that consideration existed. Specifically, the court stated that the consideration was "the big buddy, fagonistic, the dickens-type where he has a group of followers and people that would look up to him as being, quote, unquote, the record indicate[s] cool, * * *." The court further stated:
 the consideration was being part of the crowd, being lead — trying to — being a pied piper for these children into the area of the drug culture, being someone who wanted to impress these children that he was, as he indicated, cool, hip, with it, whatever terminology you want to use from whatever generation. And it was part of keeping this group together and keeping him as the titular head, so to speak, of this small little click [sic] that occurred in this area.
Thus, upon finding consideration, the trial court categorized these exchanges of marijuana as "sales," and convicted appellant of felonies rather than misdemeanors.
"[C]onsideration may be either a detriment to the promisee or a benefit to the promisor." Mooney v. Green (1982), 4 Ohio App.3d 175,177. In the instant case, the trial court concluded that appellant had received a benefit. However, this court has reviewed the record and finds that it is devoid of any evidence that appellant received a benefit, either actual, implied, or otherwise. The record simply does not contain evidence to support the trial court's determination that appellant was bestowed with an allegedly "cool," "hip," or "pied piper" status. Because appellant did not testify, no evidence of such benefit was presented by appellant. Additionally, the prosecution did not elicit such testimony from the juveniles that testified that they had actually bestowed a "cool," "hip" or "pied piper" status on appellant.
Furthermore, this court has reviewed the two taped statements that appellant gave to the Milford police, that were admitted into evidence at trial, in an effort to discover evidence which supports the trial court's finding of consideration. On the tapes, appellant repeatedly states that his reasons for providing marijuana to the juveniles were to prevent them from getting hurt or hurting others, and to learn from where these juveniles were obtaining their drug supply. Appellant says nothing of being motivated to gain an elevated status with the juveniles involved in this case.
We further note that the prosecution did not believe consideration existed in these exchanges. In his opening statement, the prosecutor stated, "All involved gifts essentially of marijuana to juveniles. There is no indication, Judge — I don't expect any evidence to come forth today that the Defendant was selling this in exchange for money or any type of favors." (Emphasis added.) When asked by the prosecution whether appellant had ever requested money or sought favors in exchange for the marijuana provided, each juvenile that testified responded in the negative. After viewing the record in its entirety, and the audio tapes of appellant's statements to police, we find no evidence to support the trial court's determination that consideration existed for these exchanges. In fact, the evidence in the record actually supports the notion that these provisions of marijuana were intended to be gifts.
A gift has been defined as "an immediate, voluntary and gratuitous transfer of his personal property by one to another. It is essential to its validity that the transfer be executed, for the reason that there being no consideration therefor, [sic] no action will lie to enforce it." Bolles v. Trust Co. (1936),132 Ohio St. 21, 26-27. Thus, a gift is voluntary, immediate, and without consideration. In order for a gift to be valid, there must be (1) intention on the part of the donor to immediately transfer the property, (2) delivery of the property to the donee, and (3) acceptance of the gift by the donee. Id. A review of the record reveals all of the above elements in these exchanges.
This court finds the record devoid of any evidence, let alone sufficient evidence, that consideration was present in these exchanges. Appellant's provision of marijuana to these juveniles was nothing more than a gift in every sense of the definition. Accordingly, appellant's third assignment of error is well-taken; this cause is therefore reversed and remanded for sentencing in accordance with R.C. 2925.03(E)(7).
Assignment of Error No. 4:
 THE TRIAL COURT DENIED JACQUES SMITH HIS CONSTITUTIONAL RIGHTS TO A FAIR TRIAL WHEN IT OVERRULED HIS PRETRIAL MOTION TO DISMISS THE SIXTEEN COUNTS IN THE INDICTMENT BECAUSE THEY WERE MISCLASSIFIED AS FELONIES RATHER THAN AS MISDEMEANORS.
Prior to trial, appellant filed a Motion to Dismiss contenting that he had been wrongly indicted on felony charges when he should have been indicted on the misdemeanor charges (see discussion of R.C. 2925.03[E][1][b] and R.C. 2925.03[E][7] above). In the motion, appellant alleged that because he had been wrongfully indicted on felony charges, his trial proceedings would be so unfairly and prejudicially tainted that his entire indictment should be dismissed.
When considering whether to dismiss counts in a criminal indictment, a trial court should only look to the face of the charging instrument. State v. Daily (Jan. 15, 1998), Lorain App. No. 97CA25, unreported, at 4. "[A] motion to dismiss * * * an indictment tests the sufficiency of the indictment, without regard to the quantity or quality of evidence that may be produced by either the state or the defendant." State v. Patterson (1989), 63 Ohio St.3d 91, 95 (emphasis added). Thus, prior to trial, it is premature for a trial court to consider questions of fact. Instead, a trial court's examination of the indictment should be limited to questions of law.
In the instant case, it appears from the record that the parties argued the merits of the motion, and that the trial court determined questions of fact in overruling appellant's Motion to Dismiss.[7] As discussed above, such action was improper. "The proper determination was whether the allegations contained in the indictment made out offenses under Ohio criminal law." Id. Any other determination made in advance of trial was premature.
However, upon a review of the indictment, we find the indictment did indeed state offenses valid under Ohio criminal law. Consequently, appellant's pretrial Motion to Dismiss should have been overruled. In as much as appellant's Motion to Dismiss was overruled, albeit improperly, we find the ultimate result in the instant case was proper. Accordingly, any error committed by the trial court in considering questions of fact was harmless. Crim.R. 52(A). Accordingly, appellant's fourth assignment of error is overruled.
Assignment of Error No. 5:
 THE FACTS IN THIS CASE REVEAL THAT TRAFFICKING IN MARIJUANA IN VIOLATION OF SECTION 2925.03
(A)(1) AND CORRUPTING ANOTHER WITH DRUGS IN VIOLATION OF SECTION 2925.02(A)(4)(a) ARE ALLIED OFFENSES OF SIMILAR IMPORT AND THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY CONVICTING JACQUES SMITH TO [sic] BOTH OF THESE OFFENSES.
Appellant argues that his convictions on Counts 19 through 26, corruption of another with marijuana, for which he was sentenced to consecutive one-year terms, were allied offenses of similar import to his trafficking convictions under Counts 1, 4, 6, 7, 10, 12, 13 and 14, and should have been merged accordingly.
R.C. 2941.25 provides that:
 (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictments or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses of similar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
In determining whether two offenses are allied under R.C. 2541.25, the Ohio Supreme Court has developed a two-step analytical framework. Newark v. Vazirani (1990), 48 Ohio St.3d 81. The first step requires this court to compare the elements of the offenses to determine whether the elements correspond so substantially that the commission of one offense necessarily results in the commission of the other. Id. at 83. If the offenses so correspond, they are allied offenses of similar import, and this court must proceed to the second step of the analysis. Id. The second step requires this court to review appellant's conduct to determine whether the offenses were committed separately or with a separate animus to each. Id. If the court finds that the crimes were committed separately or that there was a separate animus for each crime, appellant may be convicted of both offenses. Id.; R.C. 2941.25(B).
Using this framework, we begin by comparing the elements of trafficking in marijuana and corruption of another with marijuana to determine whether they are allied offenses of similar import. (See R.C. 2925.03[A] and R.C. 2925.02[A][4][a] provided in footnotes two and three above.)
Having thoroughly reviewed the record in the case at bar, it appears that these offenses may indeed be allied offenses of similar import as each addresses the sale or furnishing of controlled substances. Unfortunately, this court finds that the relationship between the offenses cannot be determined from undisputed facts in the record. "Where the record suggests that multiple offenses, to which a defendant has plead guilty [or has been convicted] may be allied offenses of similar import, but the relationship between the offenses cannot be conclusively determined from the face of the record," it is proper for the trial court to hold a hearing to determine whether the offenses are allied offenses of similar import. State v. Schultz (Mar. 23, 1994), Miami App. No. 93CA25, unreported, at 27. Thus, the trial court should have held a hearing to determine whether the charges of trafficking in marijuana and corruption of another with marijuana were allied offenses of similar import. Accordingly, appellant's fifth assignment of error is well-taken and this cause is reversed and remanded so that the trial court may hold the requisite hearing.
In conclusion, the first, second and fourth assignments of error are overruled. The third and fifth assignments of error are sustained. This cause is reversed and remanded for a determination of whether any of the offenses of which appellant was convicted are allied offenses of similar import, and for sentencing on the trafficking convictions consistent with R.C.2325.03(E)(7).
KOEHLER and WALSH, JJ., concur.
[1] The ninth count alleged that the trafficking took place on or about August, 1996, mandating the imposition of sentence pursuant to the current version of R.C. 2925.03(A)(1), which went into effect July 1, 1996.
[2] R.C. 2925.03(A)(1)provides:
 (A) No person shall knowingly * * *: (1) Sell or offer to sell a controlled substance in an amount less than the minimum bulk amount.
[3] R.C. 2925.02(A)(4)(a)provides:
 (A) No person shall knowingly * * *: (4) By any means, do any of the following: (a) Furnish or administer a controlled substance to a juvenile who is at least two years his junior, when the offender knows the age of the juvenile or is reckless in that regard.
[4] R.C. 3719.01 is the definitional section of the Revised Code's Controlled Substances Statute.
[5] R.C. 2925.03(E)(1)(b) provides:
 (E) If the drug involved is marijuana, whoever violates this section is guilty of trafficking in marijuana.
 (1) Where the offender has violated (A)(1) of this section, trafficking in marijuana is a felony of the fourth degree, except that trafficking in marijuana is a felony of the third degree, if any of the following apply:
* * *
 (b) The offender commits the offense within one hundred feet of any juvenile or within the view of any juvenile, * * *. (Emphasis added.)
[6] R.C. 2325.03(E)(7) provides:
 * * * if the offense involves a gift of twenty grams or less of marijuana and the offense involves a violation of division (A)(1), * * * that was committed within one hundred feet of any juvenile or within the view of any juvenile * * * trafficking in marijuana is a misdemeanor of the third degree. (Emphasis added.)
[7] The trial court's entry overruling appellant's Motion to Dismiss indicates that this matter was argued before the trial court; however no transcript of the actual proceeding was provided to this court on appeal.