MEMORANDUM DECISION AND JUDGMENT ENTRY.
Defendant-appellant, James W. Jolley, appeals the judgment of the Hamilton County Court of Common Pleas convicting him of burglary pursuant to R.C. 2911.12(A)(1). For the following reasons, we affirm the judgment of the trial court.
In March 1998, Jolley entered a no-contest plea to domestic violence pursuant to R.C. 2919.25(C), a misdemeanor of the fourth degree. The facts as alleged in that case were that on February 22, 1998, Jolley had caused Mary Jolley, a family member, to believe that he would cause her physical harm. Jolley was found guilty of the domestic-violence charge.
In April 1998, Jolley was indicted for burglary. The indictment stated that, on February 22, 1998, Jolley had trespassed in an occupied structure with the purpose to commit a criminal offense. Jolley filed a motion to dismiss the indictment on double-jeopardy grounds, and the trial court overruled that motion.
In July 1998, Jolley entered a no-contest plea to the burglary charge. The allegation of facts as read by the prosecutor was that on February 22, 1998, Jolley had trespassed in the former marital residence with the purpose to commit the offense of domestic violence. It is undisputed that this incident of domestic violence was the subject of the March 1998 conviction. Jolley was found guilty of the burglary charge and sentenced to three years' community control. The instant appeal followed.
In his first assignment of error, Jolley contends that the trial court erred in denying his motion to dismiss. He first contends that the domestic-violence charge and the burglary charge were allied offenses of similar import, and that therefore the Double Jeopardy Clause prevented conviction for both offenses. We disagree.
The Supreme Court of Ohio has formulated a two-part test for determining whether two charges involve allied offenses of similar import. The first step involves a comparison of the elements to determine if they correspond to such a degree that the commission of one offense will necessarily result in the commission of the other.[1] The second step involves an examination of the defendant's conduct to determine whether the two offenses were part of the same course of conduct or whether there was a separate animus for each crime.[2] This court has previously rejected a strict comparison-of-the-elements test and held that the "essential inquiry is whether, under the facts of each case, the state seeks to impose multiple punishment for what is really one offense."[3]
In the case at bar, a comparison of the offenses indicates that their elements do not correspond to such a degree that the commission of one will result in the commission of the other. R.C. 2919.25(C), governing domestic violence as a fourth-degree misdemeanor, provides that "[n]o person, by threat of force, shall knowingly cause a family member to believe that the offender will cause imminent physical harm to the family or household member." The applicable subsection of the burglary statute, by contrast, provides that no person shall "[t]respass in an occupied structure * * * when another person other than an accomplice of the offender is present, with purpose to commit in the structure * * * any criminal offense." Thus, it is apparent that either crime can be committed without the other also necessarily resulting.
Moving to the second portion of the Vazirani test, we also determine whether there was a separate animus for the offenses, or, in other words, whether the state sought to impose multiple punishments for one offense. Our review of the record compels us to hold that the offenses were distinct.
As the state contends, the crime of burglary was complete at the time that Jolley trespassed in the residence with the purpose to commit domestic violence. The state was not required to establish the commission of the intended underlying offense to prove burglary. After entering the residence, though, Jolley pursued the purpose of committing the offense and did in fact cause his estranged wife to believe that he would cause physical harm to her. This pursuit of his criminal purpose indicated a separate animus permitting the multiple convictions.
Jolley contends, however, that it was the very act of trespass that caused the victim to believe that physical harm was imminent. This contention is not supported by the record. The facts as alleged by the prosecution were that, after breaking down the door of the residence, Jolley began to go through the house in an attempt to find his estranged wife. Only the intervention of the police prevented Jolley from gaining access to the victim. Thus, the actions giving rise to the domestic-violence charge were distinct from Jolley's mere entrance into or presence in the house. Under these circumstances, the trial court could have properly concluded that a separate animus existed for the offenses, and we find no error in the denial of the motion to dismiss on double-jeopardy grounds.
Jolley next contends that the court erred in denying the motion to dismiss on the basis that he had not relinquished his possessory interest in the marital residence. We first note that trespass was an element to be established at trial and not an issue properly raised pursuant to a motion to dismiss. In any event, by pleading no contest to the charge, Jolley admitted the facts as alleged by the prosecutor, including the fact that he had trespassed in the residence. He thus waived any argument as to the sufficiency of the state's proof concerning that element.[4] Had he wished to preserve the factual issue of his right to occupy the residence, the proper avenue for doing so would have been the entry of a not-guilty plea followed by a trial. Accordingly, we find no merit in Jolley's argument, and the assignment of error is overruled. The judgment of the trial court is affirmed.
And the Court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty. It is further Ordered that costs be taxed in compliance with App.R. 24, that a copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, and that said mandate shall be sent to the trial court for execution pursuant to App.R. 27.
Judgment affirmed
 Hildebrandt, P.J., Gorman and Sundermann, JJ.
 To the Clerk: Enter upon the Journal of the Court on May 7, 1999 per order of the Court __________________________. Presiding Judge
[1] Newark v. Vazirani (1990), 48 Ohio St.3d 81,549 N.E.2d 520, syllabus.
[2] Id.
[3] See, e.g., State v. Johnson (May 1, 1998), Hamilton App. No. C-970180, unreported, jurisdictional motion overruled (1998),82 Ohio St.3d 1481, 696 N.E.2d 1087, and State v. Lang (1995),102 Ohio App.3d 243, 656 N.E.2d 1358.
[4] State ex rel. Stern v. Mascio (1996), 75 Ohio St.3d 422,424, 662 N.E.2d 370, 373.