Defendant-appellant, Bobby J. Sword ("appellant"), appeals his conviction in the Fayette County Court of Common Pleas for vandalism. We affirm.
At about 1:00 a.m. on March 26, 1998, Deputy Luther Anderson of the Fayette County Sheriff's Office went to appellant's residence in Washington Court House, Fayette County, Ohio, to arrest appellant on a warrant for domestic violence. When Deputy Anderson sought to place appellant under arrest, appellant became belligerent, yelling and using profane language. Deputy Anderson physically restrained appellant, handcuffed him, and forced him to the patrol car. Appellant refused to enter the cruiser and began kicking. The deputy then secured appellant's legs with a leash.
On the way to the sheriff's office, appellant was able to free his legs from the leash. He began to kick the inside of the patrol car, kicking out the right rear door window and damaging the interior of the car. Once at the sheriff's office, appellant was physically taken to a cell for confinement.
That same day, the city of Washington Court House issued two criminal complaints against appellant. The first alleged that appellant had obstructed official business, a violation of R.C.2921.31(A). The second complaint alleged that appellant had committed vandalism, the destruction of government property, a violation of R.C. 2909.05(B)(2). On April 2, 1998, the Fayette County Grand Jury returned a two-count indictment against appellant alleging the same offenses. Appellant pled not guilty to the charges.
On May 20, 1998, appellant pled no contest to the obstructing official business complaint in the Washington Court House Municipal Court. The municipal court found appellant guilty and sentenced him to serve thirty days in jail, which was suspended, pay a $200 fine, and serve five years probation. The city did not take any action regarding the vandalism complaint. On June 24, 1998, the obstructing official business count in the county indictment was dismissed, and the state proceeded only on count two, vandalism.
On June 30, 1998, appellant filed a motion to dismiss the vandalism charge. He argued that prosecution was barred by double jeopardy, due to his prior plea in the municipal court to obstructing official business. The trial court denied the motion on August 21, 1998, finding that the vandalism charge did not involve the same elements as obstructing official business. The trial court also determined that the vandalism charge concerned different conduct by appellant than the obstructing official business complaint.
On November 16, 1998, appellant pled no contest to vandalism, and the trial court found him guilty of the charge. A sentencing hearing was held on February 8, 1999. The trial court ordered that appellant serve five years community control, which included house arrest for one year, electronic monitoring for six months, one hundred hours of community service, and alcohol and drug abuse counseling. Appellant appeals, raising a single assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN OVERULING HIS MOTION TO DISMISS COUNT TWO OF THE INDICTMENT.
In his sole assignment of error, appellant contends that the trial court should have dismissed the indictment against him as barred by double jeopardy. Appellant argues that the charge of vandalism arose out the same conduct as the earlier obstructing official business complaint, thus making the offenses allied offenses of similar import. Appellant asserts that he has been convicted twice for a single incident of criminal conduct.
The interpretation of a statute, in this case R.C. 2941.25, as well as the determination whether double jeopardy prohibits prosecution are matters of law. An appellate court must independently determine, as a matter of law, whether the trial court erred in applying the substantive law to the facts of the case. The appellate court must defer to the factual findings made by the trial court in the case. State v. Musick (1997),119 Ohio App.3d 361, 367.
R.C. 2941.25 requires a two-step inquiry in determining whether two or more charged offenses constitute allied offenses of similar import. First, the elements of the charged offenses are compared, and if the elements correspond to such a degree that the commission of one offense will result in the commission of the other, then the offenses are allied offenses of similar import. If so, the court must then proceed to the second step, wherein the defendant's conduct is reviewed to determine whether the crimes were committed separately or with a separate animus for each crime. If the crimes are committed separately or with a separate animus, the defendant may be convicted of both offenses. R.C.2941.25; Newark v. Vazirani (1990), 48 Ohio St.3d 81, syllabus.
The crimes for which appellant was charged differ in several respects. Obstructing official business, as defined by R.C.2921.31(A), is purposefully doing an act which hampers a public official in the performance of his official duties. Vandalism, as defined in R.C. 2909.05(B)(2), involves knowingly causing serious physical harm to, in this case, the property of a governmental entity. While obstructing official business involves interference with a government agent performing his duty, vandalism concerns the destruction of government property. Therefore, we find that the offenses of obstructing official business and vandalism do not constitute allied offenses of similar import as defined in R.C.2941.25.
Furthermore, the trial court found that appellant's conduct clearly demonstrated that appellant committed two separate crimes. The trial court specifically found that appellant first struggled with Deputy Anderson, thereby committing the offense of obstructing official business. Thus, as determined by the trial court, "when [appellant] was placed in the patrol car, he had already committed the crime of Obstructing Official Business. According to the deputy's statement, [appellant] then freed himself from the leg restraint and caused damage to the window and the inside of the patrol car. This misconduct would constitute Vandalism."
In light of both the differences in the elements of the charged crimes and in appellant's conduct underlying the crimes, we find that the trial court did not err in denying appellant's motion to dismiss the indictment. Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.