OPINION
Defendant-appellant Heath Wetzel appeals the November 10, 1997 Judgment Entry of the Morrow County Court of Common Pleas which sentenced appellant on two counts of abduction, one count of aggravated robbery, and two counts of felonious assault. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS
On October 29, 1997, a jury found appellant guilty of two counts of abduction in violation of R.C. 2905.02(A)(2), one count of aggravated robbery in violation of R.C. 2911.01(A)(3), and two counts of felonious assault in violation of R.C. 2903.11(A)(2). A recitation of the underlying facts is not necessary for a resolution of the issue on appeal. On November 3, 1997, the trial court held a sentencing hearing. After considering the record, oral statements, victim impact statement, and the presentence report, the trial court sentenced appellant to four years on each abduction count, nine years on the aggravated robbery count, and eight years on each of the felonious assault counts. The trial court ordered the sentences be served concurrently. The trial court memorialized its decision in a November 10, 1997 Judgment Entry. It is from that Judgment Entry appellant prosecutes this appeal, assigning the following error:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ENTERING JUDGMENTS OF CONVICTION FOR BOTH ABDUCTION AND AGGRAVATED ROBBERY, WHICH UNDER THE CIRCUMSTANCES OF THE CASE ARE ALLIED OFFENSES OF SIMILAR IMPORT.
 I
In his sole assignment of error, appellant argues the trial court erred by entering judgments of conviction for both abduction and aggravated robbery because under the circumstances of the case, the crimes were allied offenses of similar import. R.C. 2941.25
provides: Multiple Counts
(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
Until recently, we used the two-part test announced in Newark v. Vazirani (1990), 48 Ohio St.3d 81, to analyze claims involving allied offenses of similar import. That test required an analysis of the relevant offenses in light of the specific facts of the case. However, in State v. Rance (1999), 85 Ohio St.3d 632, the Ohio Supreme Court clarified the test to be applied when reviewing claims involving allied offenses of similar import, specifically overruling Vazirani, supra: Under an R.C. 2941.25(A) analysis, the statutorily defined elements of offenses that are claimed to be of similar import are compared in the abstract. (Newark v. Vazirani [1990], 48 Ohio St.3d 81, 549 N.E.2d 520, overruled.) Syllabus par. 1.
Accordingly, we must compare the elements of abduction and aggravated robbery in the abstract. R.C. 2905.02 provides the elements for abduction: (A) No person, without privilege to do so, shall knowingly do any of the following:
(1) By force or threat, remove another from the place where the other person is found;
(2) By force or threat, restrain the liberty of another person, under circumstances which create a risk of physical harm to the victim, or place the other person in fear;
(3) Hold another in a condition of involuntary servitude.
R.C. 2911.01 provides the elements for aggravated robbery:
(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
 (1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it;
 (2) Have a dangerous ordnance on or about the offender's person or under the offender's control;
 (3) Inflict, or attempt to inflict, serious physical harm on another.
The relevant inquiry is whether aggravated robbery can be committed without the commission of abduction. When analyzing the offenses in the abstract, we find the crimes are not allied offenses of similar import. Consider the following scenario. A thief stops a victim on the street and demands money. The victim gives the thief the money. The thief flees the scene. The victim decides to give chase. When the thief realizes the victim is in pursuit, the thief turns, pulls out a gun, and fires at the victim. Under this scenario, the thief would have committed aggravated robbery. The thief, in fleeing immediately after a theft offense, used a deadly weapon. However, under this scenario, the thief would not have committed abduction. There was no force or threat to remove the victim from the location; there was no force or threat to restrain the victim's liberty, or to hold the victim in a condition of involuntary servitude. We find it possible to commit aggravated robbery without committing abduction. Further, we find one can commit abduction without committing aggravated robbery. Accordingly, we find that aggravated robbery and abduction, when compared in the abstract, are not allied offenses of similar import. For this reason, appellant's sole assignment of error is overruled.
The judgment of the Morrow County Court of Common Pleas is affirmed.
By: Hoffman, J. Wise, J. and Edwards, J. concur