OPINION
Craig Wright appeals from his conviction in the Champaign County Common Pleas Court of Burglary in violation of R.C. 2911.12(A)(2) and grand theft in violation of R.C. 2913.02(A)(1)(b)(2).
Wright has raised three assignments of error in this appeal. In the first, Wright contends the trial court erred in not "merging" his convictions for burglary and theft for sentencing purposes because they were "allied offenses of a similar import" for sentencing purposes., Appellant argues that these offenses should be merged for sentencing because his sole interest in burglarizing the home in question was to commit a theft and his conduct as to these offenses was not committed separately or with a separate animus.
The State argues that we need not review the underlying facts supporting the appellant's convictions as these offenses, as a matter of law, are not allied offenses of a similar import.
Revised Code § 2941.25 concerning multiple counts sets forth that:
 (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the Defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
In State v. Rance (1999), 85 Ohio St.3d 632, the Ohio Supreme Court held at the syllabus that under a R.C. 2941.25(A) analysis, the statutorily defined elements of offenses that are claimed to be of similar import are compared in the abstract. The Court specifically overruled Newark v. Vazirani (1990), 48 Ohio St.3d 81, 83 ("Given the facts of this case, we find that the two crimes charged are allied offenses of similar import.") The Court held that the statute manifests the General Assembly's intent to permit, in appropriate cases, cumulative punishments for the same conduct. (Syllabus 3).
The applicable test for deciding [whether crimes are allied offenses of similar import] is as follows: If the elements of the crimes "correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import." Id. at 636 (citations omitted). The second step in the analysis is as follows: "[I]f a defendant commits offenses of similar import separately or with a separate animus, he may be punished for both pursuant to R.C. 2941.25(B)." Id. (citation omitted).
The Lucas County Court of Appeals has held that burglary and theft are not allied offenses of a similar import under R.C. 2941.25(A). State v.Cromer (March 17, 2000), Lucas App. L-98-1289 and L-98-1290. That court noted:
 As set forth above, the crime of burglary requires that a defendant trespass in an occupied structure with the purpose to commit a theft offense therein. Accordingly, one may commit a burglary without committing a theft. Similarly, one may commit a theft without ever having trespassed in an occupied structure. . . .
We agree with the Cromer court that burglary and theft are not allied offenses of a similar import. The trial court properly refused to convict the appellant of only one offense. The first assignment of error is overruled.
In his second assignment, Wright contends the trial court erred when it imposed consecutive maximum sentences upon him because the record does not support the trial court's finding that the alleged offense was the "worst form of the offense."
A trial court can only impose the maximum sentence if the offender committed the worst form of the offense or posed the greatest likelihood of committing future crimes. R.C. 2929.14(C).
Ohio Revised Code § 2929.14(E)(4) governs the imposition of consecutive sentences for multiple offenses. It provides in pertinent part:
 "If multiple prison terms are imposed for convictions of multiple offenses, the court may require prison terms be consecutive if the court finds (1) that the consecutive sentence is necessary to protect the public from future crime or to punish the offender, (2) the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) if the court finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing. . .
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes by the offender.
In this case the trial court imposed the maximum sentences for the burglary and theft convictions and imposed them consecutively. The trial court then stated the following:
 The longest term is imposed because Defendant committed the worst form of this offense and Defendant poses the greatest likelihood of committing future crimes.
 The Court also finds that Defendant has previously served prison sentences.
 Consecutive prison terms are imposed because they are necessary to protect the public and punish the Defendant, they are not disproportionate to the conduct and to the danger the Defendant poses, the harm was so great or unusual that a single term does not adequately reflect the seriousness of the conduct and the Defendant's criminal history shows that consecutive terms are needed to protect the public., Defendant has a pending sentencing hearing in Hardin County. Hardin County will determine if it's sentence is concurrent with or consecutive to Champaign County's sentence.
The factors that determine more serious conduct of the Defendant are:
1. The victim suffered economic harm.
2. The relationship with victim facilitated offense.
3. The Defendant's history of criminal convictions.
 4. The Defendant has not responded favorably to sanctions previously imposed.
5. The Defendant shows no genuine remorse.
The factors that determine that recidivism is more likely are:
1. The victim suffered economic harm.
2. The relationship with victim facilitated offense.
3. The Defendant's history of criminal convictions.
 4. The Defendant has not responded favorably to sanctions previously imposed.
5. The Defendant shows no genuine remorse.
R.C. 2929.19(B)(2) also requires that the trial court state its "reasons" for imposing consecutive sentences and for imposing maximum sentences for offenses arising out of a single incident. In this case the trial court stated it imposed these sentences because the victim suffered economic harm, the appellant's relationship with the victim facilitated the offense, the appellant had a history of criminal convictions and he has not responded favorably to sanctions previously imposed, and he has no genuine remorse for his crimes. The record supports the trial court's finding that consecutive sentences were necessary to protect the public from future criminal conduct by the appellant and that the sentences were not disproportionate to the seriousness of the offender's conduct and to the danger he poses to the public.
The trial record clearly supports the trial court's "finding" that Wright poses the greatest likelihood of committing future crimes. We need not also determine whether the record supports the trial court's finding that Wright committed the worst form of the offenses. The presentence investigation revealed that Wright had an extensive criminal record preceding his convictions in this case. In 1992, at age 18, Wright was convicted of attempted breaking and entering, criminal trespassing, breaking and entering, receiving stolen property and criminal damaging. He was sentenced to prison for 18 months on the breaking and entering charge. Upon his release, Wright was again arrested and convicted of receiving stolen property and he was sentenced to prison in 1993. In 1997, Wright was convicted of aggravated assault and sentenced to 12 months.
The record also supports the trial court's finding that consecutive sentences were necessary to protect the public from future criminal conduct by the appellant and that these sentences were not disproportionate to the seriousness of the offender's conduct and to the danger he poses to the public.
At the appellant's sentencing, the State presented documents that the victim suffered a loss from the burglary in the amount of $29,994. There was evidence that the appellant took advantage of an individual who had provided him employment and welcomed him into his home. At the sentencing, the appellant also refused to take full responsibility for his conduct. He told the judge "he was sorry for some of the things that have happened. Some of it was out of my hands." The reasons given by the trial court for its statutory findings are fully supported by this record. The second assignment of error is also overruled.
In his third assignment, Wright contends the trial court erred when it imposed the consecutive sentences upon him without him being present in the courtroom.
At the sentencing, the trial court gave Wright a full opportunity to exercise his right of allocution. The court imposed maximum sentences upon Wright and then informed him he believed there was a basis in law for imposing the sentences concurrently, but that it needed time to complete its research on that question.
The trial court made the following observations:
Count Three, sentence is 18 months which is the maximum.
 Court has real concern as to whether there is a basis in law to make the sentence concurrent. Court believes there's a basis in fact to make the sentence concurrent. The Court has one item of research to complete on the question of concurrent and consecutive. The Court believes those — they'll be a concurrent sentence, but that's not determined by the Court. The sentence entry will state that definition conclusively. The factors that the Prosecutor has referred to are factors that the Court believes warrant the maximum sentence. All factors will be listed in journal entry.
 From what the Court can gather, the damages that you caused by your activity go farther on just than your crime will stem to the fabric of the victim family and even beyond that to the fabric of society itself.
 If I'm to believe what's been presented before the Court, someone who gave you a chance has been victimized and when that happened, then the opportunity for other people to be given a chance is diminished greatly. Society suffers that loss.
 Deputy, the Court has been advised that Hardin County has matters to deal with the Defendant, and they do not want the Defendant released either to society or to any other agency. They want the Defendant held here until arrangements are made for transport to Hardin County.
 The Court would ask the Defendant be held downstairs in the holding facility for a short period of time this morning until the Court's able to talk with the deputies about that procedure.
Does the State want anything else from this hearing?
MR. TALEBI: Your Honor, well, yes, I guess —
THE COURT: Restitution is ordered.
MR. TALEBI: Thank you.
THE COURT: That's a given.
MR. TALEBI: Thank you.
 THE COURT: The Court questions what meaning that order will have, but it will in fact be made. I'm sorry. Excuse me for interrupting you. Is there anything else the State wishes?
MR. TALEBI: No, sir.
 THE COURT: Did Defense Counsel seek anything else from the Court?
MR. STRAPP: Not at this point, your Honor.
THE COURT: Thank you. That will be all.
The State argues that Wright was not prejudiced by his not being present when the consecutive sentence was imposed because Wright did not object to the trial court deferring the sentence until the court's legal research was completed. We agree.
The United States Supreme Court has held that "a defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence wouldcontribute to the fairness of the procedure." Kentucky v. Stincer
(1987), 482 U.S. 730, 745 (emphasis added).
It is clear from the sentencing record that while the trial court was disposed to impose concurrent sentences, it had not yet resolved the legal question whether it could do so. It was also clear that the court intended to resolve this legal issue without returning the defendant back to the courtroom for any purpose, and there was no objection to this procedure made by the defendant or his counsel. We fail to see how the defendant's presence in the courtroom after the court resolved the legal issue would have contributed to the fairness of the sentencing procedure. The third assignment of error is also overruled.
The judgment of the trial court is affirmed.
WOLFF, P.J., and FAIN, J., concur.