JOURNAL ENTRY and OPINION
Defendant-appellant Carlos Garcia, aka Wilfredo Ruiz, appeals from his convictions for aggravated burglary, felonious assault and kidnapping. We find no merit to the appeal and affirm.
Garcia was charged in a five-count indictment with aggravated burglary, felonious assault, aggravated robbery, kidnapping, and attempted murder. Each count also had a firearm specification and brandishing a weapon specification.
The evidence at Garcia's jury trial indicated that the victim, Anthony Bouie, was living in an apartment on Detroit Avenue with his girlfriend and four-year-old daughter. According to Bouie, Garcia and his friends sold drugs in the vicinity of the apartment building. On July 28, 2001, Bouie saw Garcia and his friends hiding guns under the ripped carpeting near the radiator in the hallway of the apartment building. Bouie told Garcia to remove the guns because he was afraid his daughter, who played in the hallway, would discover the guns. According to Bouie, Garcia agreed to move the guns.
Later that night, Garcia and his friends approached Bouie because the guns were no longer under the carpeting. Bouie denied taking the guns. The conversation became heated, so Bouie retreated into his apartment and shut the door. A few minutes later, Garcia and his friends began pounding on the apartment door demanding that Bouie come out to take his punishment for taking the guns. The men threatened to harm Bouie's girlfriend and daughter if he did not open the door. Bouie, afraid for his girlfriend and daughter, opened the door.
According to Bouie and his girlfriend, once he opened the door, one of Garcia's friends grabbed him and pulled him into the hallway where the group of men began beating him with their hands and stomping on him with their feet. One of Garcia's friends then pulled out a gun and began pistol-whipping him.
Bouie heard Garcia say, "Hand me the gun. I'll shoot this bitch." Garcia then pointed the gun at Bouie and told him, "Fuck you," and pulled the trigger. The trigger clicked but did not go off. The group then kicked him again and left.
As a result of the beating, Bouie said he had cuts on the back of his head, ear, face, and nose, and his face was swollen. Money from his pocket was also missing. After EMS attended to him, he, his wife and daughter went to a hotel for the night because they were too afraid to return home.
The jury found Garcia guilty of aggravated burglary, felonious assault, and kidnapping with all the attached firearm specifications. The jury found Garcia not guilty of attempted murder and aggravated robbery. The trial court sentenced Garcia to minimum consecutive sentences for a total of six years.
Garcia appeals, assigning three errors for review.
 I. THE EVIDENCE IS INSUFFICIENT AS A MATTER OF LAW TO CONVICT APPELLANT OF KIDNAPPING, IN VIOLATION OF R.C. 2905.01.
Garcia claims that the evidence in support of his conviction for kidnapping was not supported by sufficient evidence because there was no evidence that the victim was moved or restrained as required by R.C.2905.01.
The standard of review with regard to the sufficiency of evidence is set forth in State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus:
 Pursuant to Criminal Rule 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.
See, also, State v. Apanovitch (1987), 33 Ohio St.3d 19, 23; State v.Davis (1988), 49 Ohio App.3d 109, 113. Bridgeman must be interpreted in light of the sufficiency test outlined in State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus, in which the Ohio Supreme Court held:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence submitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia
[1979], 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)
Kidnapping is defined pursuant to R.C. 2905.01, in pertinent part, as:
 (A) No person, by force, threat, or deception, * * * shall remove another from the place where the other person is found or restrain the liberty of the person, for any of the following purposes:
* * *
 (2) To facilitate the commission of any felony or flight thereafter;
 (3) To terrorize, or to inflict serious physical harm on the victim or another; * * *
The testimony of both the victim and his girlfriend who witnessed the assault, was that the victim was grabbed from the doorway of his apartment and pulled into the hallway where the group began beating him. This evidence was sufficient to support a conviction for kidnapping.
Garcia's first assignment of error is overruled.
 II. APPELLANT'S CONVICTION FOR KIDNAPPING IN THE CASE AT BAR IS AN ALLIED OFFENSE OF SIMILAR IMPORT TO THE CRIME OF FELONIOUS ASSAULT, AND MUST, THEREFORE, MERGE FOR PURPOSES OF SENTENCING.
Garcia argues that the offenses of felonious assault and kidnapping are crimes of similar import because he did not commit each offense with a separate animus.
The allied offense statute, R.C. 2941.25, prohibits multiple convictions and states as follows:
 (A) Where the same conduct by the defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
The Ohio Supreme Court has held that the elements of alleged allied offenses are to be compared in the abstract. State v. Rance (1999),85 Ohio St.3d 632, paragraph one of syllabus. The Rance decision overruled Newark v. Vazirani (1990), 48 Ohio St.3d 81, and its progeny, which required the comparison of the elements of each crime by referring to the particular facts in the indictment.
Under Rance, a court, in determining if two crimes are crimes of similar import, must align the elements of each crime in the abstract to determine whether the statutory elements of the crimes correspond to such a degree that the "commission of one crime will result in the commission of the other." Id. at 638. "If the elements do so correspond, the defendant may not be convicted of both unless the court finds that the defendant committed the crimes separately or with separate animus." Id. at 638-639.
Felonious assault is defined, pursuant to R.C. 2903.11, as:
(A) No person shall knowingly:
 (1) Cause serious physical harm to another or to another's unborn;
 (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code.
Pursuant to R.C. 2905.01(A)(2)-(3), kidnapping is defined in relevant part as:
 (A) No person by force, threat, or deception, * * * shall remove another person from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:
* * *
 (2) To facilitate the commission of any felony or flight thereafter;
 (3) To terrorize, or to inflict serious physical harm on the victim or another; * * *
An abstract alignment of the elements of the crime of felonious assault and kidnapping demonstrates that the elements do not correspond so as to constitute crimes of similar import. As this court held in State v.Colon (Aug. 9, 2001), Cuyahoga App. No. 77779, unreported, citing toState v. Blankenship (1988), 38 Ohio St.3d 116, 117, A kidnapping may occur without a felonious assault. Likewise, a felonious assault may occur absent the existence of the kidnapping. A person may injure another without restraining the victim of his or her liberty." See, also, Statev. Hay (Dec. 19, 2000), Union App. No. 14-2000-24, unreported (comparison of the charges of felonious assault and kidnapping demonstrate that the elements of the two offenses do not correspond to such a degree that the commission of one crime necessarily results in the commission of the other.)
Because we find that the elements of the crimes do not correspond in the abstract, we do not reach the second step of the analysis, which would require a determination of whether the crimes were committed with a separate animus. State v. Colon, supra.
Garcia's second assignment of error is overruled.
 III. APPELLANT WAS DENIED A FAIR TRIAL BASED UPON THE CUMULATIVE AND UNCURED MISCONDUCT OF THE PROSECUTORS AT TRIAL.
Garcia claims the prosecutor engaged in misconduct by asking questions referring to undisclosed witness tampering, and that the prosecutor attempted to inflame the jury by asking them to put themselves in the victim's shoes.
A prosecuting attorney's conduct during trial does not constitute a ground for error unless the conduct deprives the defendant of a fair trial. State v. Keenan (1993), 66 Ohio St.3d 402 -405; State v. Gest
(1995), 108 Ohio App.3d 248, 257. The touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor. Smith v. Phillips (1982),455 U.S. 209. The effect of the prosecutor's misconduct must be considered in light of the whole trial. State v. Durr (1991),58 Ohio St.3d 86, 94; State v. Maurer (1984), 15 Ohio App.3d 239, 266.
Regarding the prosecutor's reference to an undisclosed witness who allegedly tampered with the witnesses, the trial court sustained the objection and gave the following curative instruction:
 Ladies and gentlemen, before we go to the next witness, I want to remind the jury, in regards to certain questions as to the last witness yesterday afternoon, with respect to the woman who approached the witness regarding her testimony.
 I sustained the objection to those questions. I will give an instruction at the end of this trial that any objection that has been sustained, you many not infer the truth of any matter set forth in that question. So, in other words, disregard those questions and disregard any answers that were given while I was sustaining the objection. (TR. 204-205).
The trial court, therefore, gave a curative instruction regarding this line of questioning. A jury is presumed to follow the instructions, including curative instructions, given by a trial judge. State v. Loza
(1994), 71 Ohio St.3d 61, 75. We have no evidence indicating that the jury disregarded this instruction.
Regarding the prosecutor's asking the jury during closing argument to put themselves in the victim's shoes, this statement does not appear to be so inflammatory as to have prejudiced the jury. The Ohio Supreme Court has held that prosecutors are granted wide latitude in closing arguments. State v. Maurer (1984), 15 Ohio St.3d 239, 269, certiorari denied (1985), 472 U.S. 1012. In order for a prosecutor's closing argument to be prejudicial, the remarks must be "so inflammatory as to render the jury's decision a product solely of passion and prejudice."State v. Williams (1986), 23 Ohio St.3d 16, 20, certiorari denied (1987), 480 U.S. 923. We do not find the jury in the instant case would be "so inflamed" by this comment. There is sufficient evidence provided by the testimony of both the victim and his girlfriend regarding Garcia's involvement in the assault and robbery.
Garcia's third assignment of error is overruled.
Judgment is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J. and TERRENCE O'DONNELL, J., CONCUR