OPINION
Defendant-appellant, Rayshawn Easley, appeals his conviction for felonious assault, failure to comply with an order of a police officer, and receiving stolen property. For the reasons that follow, we affirm.
On December 18, 1998, appellant was indicted on two counts of felonious assault against a police officer in violation of R.C. 2903.11(A)(2) and (B), one count of felony fleeing in a motor vehicle in violation of R.C 2921.33.1(B) and (C), and one count of receiving stolen property in violation of R.C. 2913.51. All charges arose out of a May 19, 1998 incident in which the state alleged that appellant, while driving a stolen 1998 Buick Century, attempted to run over two Columbus police officers who had ordered appellant to stop. A jury trial commenced on March 29, 1999.
At trial, the state presented evidence: (1) that on May 18, 1998, a 1989 Buick Century had been reported stolen; (2) that, on the next day (May 19, 1998), Police Officer Kyle McKeon and his partner, Don McCray, were on bicycle patrol when they saw a Buick (later identified as the stolen vehicle) run a stop sign at the corner of St. Clair and East Eleventh Avenues; (3) that McKeon and McCray pursued the vehicle into an alley, where they dismounted their bicycles and, while facing the vehicle, signaled the driver (later identified as appellant) to stop; (4) that, instead of stopping, appellant backed the vehicle down the alley away from the police officers until it struck a fence abutting the alley; (5) that appellant then reversed course and drove forward at the two police officers at a high rate of speed, eventually veering toward Officer McKeon, who was able to avoid being struck by quickly backpedaling out of the way into the grassy/weedy area of the alley; and (6) that appellant was later apprehended after taking shelter in a nearby residence.
On April 1, 1998, the jury found appellant guilty of felonious assault as to Officer McKeon, receiving stolen property, and willfully fleeing in a motor vehicle from an order of a police officer to stop. The jury found appellant not guilty on the felonious assault of Officer McCray.
By judgment entry filed May 19, 1999, the trial court sentenced appellant to six years of imprisonment on the felonious assault, one year for the felony fleeing, and six months on the receiving stolen property. The trial court further ordered that the sentences for the felonious assault and felony fleeing run consecutively. It is from this judgment entry that appellant appeals, raising the following two assignments of error:
 ASSIGNMENT OF ERROR ONE THE TRIAL COURT VIOLATED THE DOUBLE JEOPARDY PROTECTIONS AFFORDED BY THE FEDERAL AND STATE CONSTITUTIONS AGAINST CUMULATIVE PUNISHMENTS WHEN IT SENTENCED DEFENDANT-APPELLANT TO CONSECUTIVE SENTENCES FOR THE SAME CRIMINAL CONDUCT.
 ASSIGNMENT OF ERROR TWO THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST THE DEFENDANT WHEN THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION AND WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.
In his first assignment of error, appellant contends that the trial court erred in violation of the double jeopardy protections afforded by the United States and Ohio Constitutions when it sentenced appellant to consecutive prison terms for felonious assault and the felony fleeing. According to appellant, both crimes involved the same criminal conduct and, as such, appellant should have been sentenced on only one of the offenses. We disagree.
The question of whether cumulative punishments for the same offense violates the double jeopardy protections afforded by the federal and state constitutions is answered by reference to Ohio's multi-count merger statute, R.C. 2941.25. State v. Rance
(1999), 85 Ohio St.3d 632, paragraph three of the syllabus. R.C.2941.25 provides:
 (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
Under R.C. 2941.25, a two-tiered analysis must be undertaken to determine whether two or more crimes should be merged for purposes of sentencing. Newark v. Vazirani (1990),48 Ohio St.3d 81, syllabus. First, the statutorily defined elements of the offenses at issue must be compared in the abstract to determine "whether the statutory elements of the crimes `correspond to such a degree that the commission of one crime will result in the commission of the other.'" Rance, supra, at 638 (quoting State v. Jones [1997], 78 Ohio St.3d 12, 14). Under this analysis, the essential question is whether each of the crimes at issue requires proof of an additional element that the other does not. See id. at 639. If each does, then the offenses are of dissimilar import, and the defendant may be sentenced for both offenses. If, however, one of the offenses does not require proof of an additional element, the offenses in question are of similar import, and the sentencing court must conduct a second inquiry. In this second inquiry, the court must analyze the facts of the particular case and determine whether the defendant committed the offenses separately or with a separate animus. Vazirani; seeJones, supra, at 14. If so, defendant may be sentenced on both; if not, defendant may be sentenced on only one. Vazirani; Rance,supra, at 639-640.
Here, the two offenses at issue, felonious assault and felony fleeing, do not merge for purposes of sentencing under R.C.2941.25 because a comparison of their respective elements reveals that they are not offenses of similar import. Each offense requires proof of at least one element that the other does not. For example, felonious assault against a police officer, in violation of R.C. 2903.11(A)(2) and (B), requires, inter alia,
proof that defendant caused or attempted to cause physical harm to a police officer by means of a deadly weapon, none of which need be proved in felony fleeing. Similarly, felony fleeing, in violation of R.C. 2921.33.1(B) and (C), requires proof, inter alia,
that the defendant operated a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to stop, none of which need be proved in felonious assault. Thus, because each offense requires proof of at least one element that the other does not, the offenses are not of similar import, and appellant was properly sentenced on both. Appellant's first assignment of error is not well-taken and is overruled.
In his second assignment of error, appellant contends that his conviction for felonious assault against a police officer was not supported by sufficient evidence or was otherwise against the manifest weight of the evidence. In particular, appellant argues that the state failed to prove that appellant acted knowingly. We disagree.
Sufficiency of the evidence is the legal standard applied to determine whether the case should have gone to the jury. State v. Thompkins (1997), 78 Ohio St.3d 380, 386. In other words, sufficiency tests the adequacy of the evidence and asks whether the evidence introduced at trial is legally sufficient as a matter of law to support a verdict. Id. "[T]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, following Jackson v. Virginia
(1979), 443 U.S. 307, 99 S.Ct. 2781. The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact.Jenks, supra, at 273. If the court determines that the evidence is insufficient as a matter of law, a judgment of acquittal must be entered for the defendant. See Thompkins, supra, at 387.
Even though supported by sufficient evidence, a conviction may still be reversed as being against the manifest weight of the evidence. Thompkins, supra, at 387. In so doing, the court of appeals sits as a "thirteenth juror" and, after "`reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" Id. (quoting State v. Martin [1983], 20 Ohio App.3d 172,175); see, also, Columbus v. Henry (1995), 105 Ohio App.3d 545,547-548. Reversing a conviction as being against the manifest weight of the evidence should be reserved for only the most "`exceptional case in which the evidence weighs heavily against the conviction.'" Thompkins, supra, at 387.
In order to prove felonious assault, the state must prove, among other things, that defendant knowingly caused or attempted to cause physical harm to another. R.C. 2903.11(A). "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). Thus, as this court has previously stated:
 A defendant acts knowingly when, although he may be indifferent to the result, he is nevertheless aware that the result may occur. A defendant acts recklessly * * * when he is aware that there is a risk or chance that the prescribed result may occur, but he nevertheless chooses to engage in the act and runs the risk. It is therefore a person's perception of the likelihood of the result that is the key in differentiating between "knowingly" and "recklessly." If the result is probable, the person acts "knowingly"; if it is not probable but only possible, the person acts "recklessly" if he chooses to ignore the risk. [State v. Edwards (1992), 83 Ohio App.3d 357, 361.]
According to appellant, the evidence failed to establish that he acted knowingly. In so arguing, appellant relies exclusively on portions of Officer McCray's testimony that the Buick might have been losing control when it angled toward him. Appellant submits that such testimony suggests that he acted recklessly but not knowingly.
As noted above, however, the jury found appellant guilty of felonious assault as to Officer McKeon and not as to Officer McCray. Thus, while the Buick may have been losing control when it approached Officer McCray, such testimony does not indicate that it was out of control when it approached Officer McKeon. In fact, Officer McCray specifically testified that the Buick was in control as it approached Officer McKeon, that it veered toward McKeon, and that it would have struck McKeon had he not dove out of its path. Further, McKeon also testified that the Buick drove toward him at a high rate of speed, that it did not fishtail, that it came directly at him even to the point of leaving the roadway, and that the vehicle would have struck him had he not retreated into the grassy area bordering the alley. Thus, there was sufficient evidence to support a finding that appellant acted knowingly when he drove the Buick at Officer McKeon, and the jury did not lose its way in so finding.
In short, appellant's conviction for felonious assault was supported by sufficient evidence and was not against the manifest weight of the evidence. Appellant's second assignment of error is not well-taken and is overruled.
For the foregoing reasons, appellant's two assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
KENNEDY and DESHLER, JJ., concur.