JOURNAL ENTRY and OPINION
Defendant-appellant Michael Latson appeals from the trial court's failure to merge the offenses of aggravated robbery and kidnapping for sentencing purposes. He also argues the trial court erred by not making the required findings for imposing maximum and consecutive sentences. We find no merit to the appeal and affirm the trial court's judgment.
In March 1997, Latson was bound over from juvenile court to the court of common pleas. He was indicted in a six-count indictment for aggravated robbery, felonious assault, kidnapping, aggravated vehicular assault, failure to comply, and attempted aggravated murder. He entered a guilty plea to one count of aggravated robbery and one count of kidnapping, each with a gun specification. The remaining four counts were nolled.
In June 1997, the trial court sentenced Latson to ten years for aggravated robbery and eight years for kidnapping. These sentences were to be served consecutively, in addition to a three-year sentence on the firearm specification.
Latson appealed from this sentence, and this court, in State v. Latson (1999), 133 Ohio App.3d 475, remanded the matter to the trial court for the limited purpose of conducting a hearing to determine if the aggravated robbery and kidnapping convictions were allied offenses for which he should be convicted of only one offense.
On June 15, 2000, the trial court conducted a hearing as directed by this court. Two Euclid police detectives were the only witnesses to testify at the hearing. Their testimony revealed the following sequence of events.
On February 14, 1997, Latson and his uncle went to Euclid Square Mall to rob someone so they could obtain Valentine's Day gifts for their girlfriends. They spotted the victim in the mall carrying Valentine's Day packages and followed her to the parking lot. The victim's arms were full of purchases, including Valentine's Day balloons and other novelty gifts. The victim unlocked the driver's side door to her car and, while attempting to enter, she felt a gun being held to her head. While holding the gun to her head, Latson took the balloons and packages and handed them to his uncle. He then ordered the victim to get into the car and move over. He forced her over the console of the car into the passenger seat, while holding a gun to her head the entire time. He then closed the car door and demanded money. She gave him $30 and, when he asked for more, she told him she did not have any more. He then demanded the car keys. She refused and Latson, therefore, increased the pressure of the gun barrel to her temple and yelled, I could kill you bitch. She again refused to hand over the keys. According to the victim's statement, she then heard the gun click. The victim scooped the keys from the floor and ran from the car. Latson then got out of the vehicle, jumped into his uncle's car, and fled the scene.
Based on this evidence, the trial court concluded that the offenses were not allied offenses and did not merge them for purposes of sentencing. The trial court then reimposed the original sentence: ten years for the aggravated robbery and eight years for kidnapping, to be served consecutively, and a three-year term on the firearm specification.
Latson appeals and raises two assignments of error for our review.
 I. THE TRIAL COURT ERRED BY FINDING THAT THE OFFENSES OF AGGRAVATED ROBBERY, R.C. S2911.01 AND KIDNAPPING, R.C. S2905.01 ARE NOT OFFENSES OF SIMILAR IMPORT PURSUANT TO R.C. 2941.25.
Latson argues that the offenses of aggravated robbery and kidnapping are crimes of similar import because he did not commit each offense with a separate animus.
The allied offense statute, R.C. 2941.25, prohibits multiple convictions and states as follows:
 (A) Where the same conduct by the defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
The Ohio Supreme Court has held that the elements of alleged allied offenses are to be compared in the abstract. State v. Rance (1999),85 Ohio St.3d 632, paragraph one of syllabus. The Rance decision overruled Newark v. Vazirani (1990), 48 Ohio St.3d 81, and its progeny, which required the comparison of the elements of each crime by referring to the particular facts in the indictment.
Under Rance, a court in determining if two crimes are crimes of similar import, must align the elements of each crime in the abstract to determine whether the statutory elements of the crimes correspond to such a degree that the commission of one crime will result in the commission of the other. Id. at 638. If the elements do so correspond, the defendant may not be convicted of both unless the court finds that the defendant committed the crimes separately or with separate animus. Id. at 638-639.
In the present case, Latson was convicted of one count of aggravated robbery and one count of kidnapping. Aggravated robbery is defined pursuant to R.C. 2911.01(A)(1) as:
 (A) No person in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense shall do any of the following:
 (1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it; * * *.
Pursuant to R.C. 2905.01(A)(2)(3), kidnapping is defined, in relevant part, as:
 (A) No person by force, threat, or deception, * * * shall remove another person from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:
* * *
 (2) To facilitate the commission of any felony or flight thereafter;
 (3) To terrorize, or to inflict serious physical harm on the victim or another; * * *
An abstract alignment of the elements of the crime of aggravated robbery and kidnapping demonstrates that the elements do not correspond to such a degree as to constitute crimes of similar import. The conduct creating culpability for kidnapping under R.C. 2905.01(A)(2) must be for the purpose of facilitating the commission of a felony. The conduct creating culpability for aggravated robbery, however, includes the committing of a theft offense as listed in R.C. 2913.01, many of which are misdemeanor theft offenses. State v. Pack (Nov. 14, 2000), Auglaize App. No. 2-2000-20, unreported; State v. Lee (Oct. 8, 1999), Hancock App. No. 5-99-20, unreported.
Aggravated robbery also does not require that the offender have the intent to terrorize or cause serious physical harm to the victim as required for kidnapping pursuant to R.C. 2905.01(A)(3).
Aggravated robbery also requires a deadly weapon to be on or about the person, or under the control of the accused. Kidnapping, however, does not require the presence of a deadly weapon. State v. Foo (Oct. 25, 2000), Summit App. No. C.A. No. 19753, unreported, State v. Jacobs (September 30, 1999), Hancock App. No. 5-99-17, unreported.
Therefore, based on the differences between the two offenses, we affirm the trial court's finding that aggravated robbery and kidnapping are not allied offenses of similar import.
We note that Latson relies upon State v. Logan (1979), 60 Ohio St.2d 126, for the proposition that every robbery includes the restraint necessary to also commit kidnapping. However, in Logan, the Court was not comparing the elements of the crimes, but the animus necessary to commit the act of robbery and kidnapping. This proposition is applicable when a court reaches the issue of separate animus, the second step in the analysis. We find that this proposition is not dispositive when engaging in the first step of the analysis, the abstract comparison of the elements of the crime charged. State v. Jacobs, supra at 24; State v. Lee, supra at 19.
Nonetheless, even if we were to address whether a separate animus existed in this case, we find that there was clearly a separate animus for both the aggravated robbery and kidnapping charges. The Supreme Court in Logan acknowledged that a defendant may restrain his or her victim so substantially as to commit two separate crimes. Logan, supra at 132. The Court in Logan gave the following guidelines for determining whether kidnapping and another crime are committed with a separate animus:
 a) Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions;
 (b) Where the transportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions.
Id. at syllabus.
In the instant case we find Latson's forcing the victim into the passenger seat constituted a secretive confinement and also subjected the victim to an increased risk of harm, especially when he clicked the gun pointed at her head. Inside the car, Latson's criminal activity was not noticeable to passersby and the victim's screams could not be heard. Latson's forcing the victim inside the car was also not necessary or merely incidental to his obtaining the victim's money and car keys. Latson could have simply grabbed the purse or ordered the victim, while outside of the car, to hand over the items.
Latson's first assignment of error is overruled.
 II. THE TRIAL COURT ERRED BY SENTENCING THE APPELLANT TO MAXIMUM CONSECUTIVE SENTENCE WITHOUT MAKING THE FINDINGS REQUIRED BY R.C. S2929.14(e)(4)(a)(b)(c).
Latson argues that the trial court failed to make the mandatory findings for imposing maximum, consecutive sentences. We find no merit to this argument.
In State v. Latson (1999), 133 Ohio App.3d 475, this court remanded the case for the limited purpose of conducting a proper hearing to determine whether Latson should be sentenced according to R.C. 2941.25. Id. at 482. Therefore, the trial court was limited to reviewing the allied offense issue. In accordance with the law of the case doctrine, trial courts have no discretion to disregard the mandate of a reviewing court and have no authority to extend or vary the mandate given. Nolan v. Nolan (1984), 11 Ohio St.3d 1. Because the trial court in the instant case was not authorized by this court to conduct an entirely new sentencing hearing unless the court found the offenses were allied offenses of similar import, it did not err by merely reimposing the original sentence. Whether the original sentence that was imposed complied with the sentencing statutes was not raised in Latson's first appeal and is therefore waived for purposes of this appeal.
Latson's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J. and TERRENCE O'DONNELL, J., CONCUR