OPINION
{¶ 1} This is an appeal from a decision of Judge Henry Shaw, Jr. of the Delaware County Common Pleas Court who, after a bench trial, found appellant guilty of aggravated burglary and felonious assault.
 {¶ 2} Appellant was found not guilty of attempted aggravated murder.
 {¶ 3} Appellant was sentenced to three years incarceration on the aggravated burglary and five years on the felonious assault, consecutive.
 {¶ 4} Appellant filed a timely notice of appeal with this Court. On or about January 2, 2003, counsel for appellant, Scott A. Wolf, filed a brief pursuant to Anders v. California (1967), 388 U.S. 924, indicating the within appeal was frivolous. Counsel for appellant also sought to withdraw as counsel for appellant.
 STATEMENT OF THE FACTS AND CASE {¶ 5} The facts presented indicate that the Delaware County Sheriff's Department was called by a neighbor to the residence of Taja Short regarding a domestic disturbance.
 {¶ 6} On arrival they found a window shattered and Ms. Short in a state of hysteria. She stated that appellant had broken the window, entered her apartment, knocked her down and began choking her.
 {¶ 7} Appellant, in his pro-se brief acknowledges assaulting Ms. Short in a fit of rage.
 {¶ 8} Appellant and Ms. Short had a prior romantic relationship.
 {¶ 9} The Anders Brief listed potential Assignments of Error:
 I. {¶ 10} "The trial court committed a reversible error in sentencing the defendant to consecutive prison terms."
 II. {¶ 11} "Trial counsel for the defendant provided ineffective assistance."
 III. {¶ 12} "The trial court erred in allowing Dr. McGrail to testify as to what the victim would have felt physically."
 {¶ 13} The Anders Brief was followed by a pro se brief which listed three Assignments of Error:
 I. {¶ 14} "Defendant-appellant received ineffective assistance of defense counsel due to counsel's failure to raise the defense of allied offenses of similar import and or the lesser included offense of aggravated assault."
 II. {¶ 15} "The trial court error in not holding a hearing to determine if the offenses charged were allied offenses of similar import committed separately or with a separate animus."
 III. {¶ 16} "The trial court erred to the prejudice of the defendant-appellant in convicting him against the manifest weight of the evidence by separating the aggravated burglary offense from the felonious assault charge."
 I. {¶ 17} In Anders v. California (1967), 386 U.S. 738, the United States Supreme Court established five criteria which must be met before a motion to withdraw filed by appellate counsel may be granted:
"(1) a showing appellant's counsel thoroughly reviewed the transcript and record in the case before determining the appeal to be frivolous;
"(2) a showing a motion to withdraw has been filed by appellant's counsel;
"(3) the existence of a brief filed by appellant's counsel raising any potential assignments of error;
"(4) a showing appellant's counsel provided to the appellant a copy of said brief; and
"(5) a showing appellant's counsel provided appellant adequate opportunity to file a pro se brief raising any additional assignments of error appellant believes the appellate court should address."
 {¶ 18} Upon a finding these criteria have been met, Anders
explains:
"the court — not counsel — proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on the merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal."
 {¶ 19} Counsel for appellant also notified appellant of his right to file a pro se brief raising any and all errors appellant deemed occurred in the trial court. On February 10, 2003, appellant filed a pro se brief assigning three errors:
 {¶ 20} The requirements of Anders have been satisfied.
 {¶ 21} As to the assertion of ineffective assistance of counsel, appellant believes that his counsel should have argued allied offenses of similar import and the lesser included offense of aggravated assault.
 {¶ 22} A claim of ineffective assistance of counsel requires a two prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Lockhart v. Fretwell (1993), 113 S.Ct. 838,122 L.Ed.2d 180; Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136.
 {¶ 23} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 24} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. It is with this framework in mind that we address the instances of alleged ineffectiveness of counsel raised by appellant in the instant case.
 {¶ 25} R.C. 2941.25 provides:
Multiple Counts
"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
 {¶ 26} Until recently, we used the two-part test announced inNewark v. Vazirani (1990), 48 Ohio St.3d 81, to analyze claims involving allied offenses of similar import. That test required an analysis of the relevant offenses in light of the specific facts of the case.
 {¶ 27} However, in State v. Rance (1999), 85 Ohio St.3d 632, the Ohio Supreme Court clarified the test to be applied when reviewing claims involving allied offenses of similar import, specifically overrulingVazirani, supra:
"Under an R.C. 2941.25(A) analysis, the statutorily defined elements of offenses that are claimed to be of similar import are compared in the abstract. (Newark v. Vazirani [1990], 48 Ohio St.3d 81, 549 N.E.2d 520, overruled.) Syllabus par. 1."
 {¶ 28} Accordingly, we must compare the elements of the offenses in the abstract.
 {¶ 29} On review of the record, we find overwhelming evidence that appellant was guilty of felonious assault. Appellant's own testimony at trial and his "statement of facts" submitted to this Court, clearly support the charge and conviction for felonious assault. Had appellant's counsel raised the issue of a lesser included offense, we are convinced that that would not have changed the outcome.
 {¶ 30} Appellant's first assignment of error is overruled.
 II. {¶ 31} In appellant's second assigned error, he claims the trial court erred by not conducting a hearing to determine if the offenses charged were allied offenses of similar import committed separately or with a separate animus. For the reasons set forth hereinabove, we hereby overrule appellant's second assigned error.
 III. {¶ 32} Through his third and final assigned error, appellant maintains the judgment of conviction and sentence entered against him was against the manifest weight of the evidence. We disagree.
 {¶ 33} It is axiomatic that a judgment will not be reversed as being against the manifest weight of the evidence if there is some competent incredible evidence contained in the recording supporting the judgment. As stated above, we find overwhelming evidence supporting the judgment of conviction and sentence entered against appellant.
 {¶ 34} Appellant's third and final assigned error is hereby overruled.
 {¶ 35} Pursuant to Anders, supra, we have examined the entire record and find the within appeal is wholly frivolous. Accordingly, we find no error in the trial court proceedings and the motion of Attorney Scott A. Wolf to withdraw as counsel for appellant in the instant matter is hereby granted.
 {¶ 36} For the reasons stated above, the judgment of conviction and sentence entered against appellant is hereby affirmed.
Farmer, P.J and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed. Costs assessed to appellant.