JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Jason Bostick, appeals his conviction and sentence imposed by the Cuyahoga County Court of Common Pleas, Criminal Division, for felonious assault, attempted murder, and having a weapon under disability. Upon our review of the record and arguments of the parties, we affirm the appellant's conviction, but reverse and remand for resentencing.
 {¶ 2} On March 23, 2002, the victim, Tommy Griffin, was shot at close range outside a bar/restaurant located at East 53 Street and St. Clair Avenue. The victim identified his assailant as the appellant, who fled the scene immediately after the incident. Several eyewitnesses also identified the appellant as the assailant, and a jury convicted him of all charges on March 28, 2003. Appellant was sentenced to nine years for felonious assault, seven years for attempted murder, 11 months for having a weapon while under disability, and three years for the firearm specifications attendant to the underlying charges. The trial court ordered that these sentences be served consecutively, for a total of approximately 19 years of incarceration.
 {¶ 3} Appellant filed this timely appeal and presents five assignments of error for our review.
 {¶ 4} "I. Mr. Bostick's conviction for attempted murder and felonious assault were allied offenses of similar import and the trial court was precluded from sentencing on both convictions, R.C. 2941.25."
 {¶ 5} Appellant first argues that he cannot be convicted of both felonious assault and attempted murder because they are allied offenses of similar import. Under R.C. 2941.25, a two-tiered test must be undertaken to determine whether two or more crimes are allied offenses of similar import. In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import, and the court must then proceed to the second step.
 {¶ 6} In the second step, the defendant's conduct is reviewed to determine whether he can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses. Under State v. Rance, when determining whether two or more offenses are allied offenses of similar import, the court should assess, by aligning the elements of each crime in the abstract, whether the statutory elements of the crimes "correspond to such a degree that the commission of one crime will result in the commission of the other. If the elements do so correspond, the defendant may not be convicted of both unless the court finds that the defendant committed the crimes separately or with separate animus." R.C. 2941.25(B);State v. Rance, 85 Ohio St.3d 632, 638-639, 1999-Ohio-291. TheRance decision overruled Newark v. Vazirani (1990),48 Ohio St.3d 81, and its progeny, which required the comparison of the elements of each crime by referring to the particular facts in the indictment. State v. Garcia, Cuyahoga App. No. 79281 at 7, 2002-Ohio-504.
 {¶ 7} Felonious assault is not a lesser included offense of attempted murder. State v. Barnes, 94 Ohio St.3d 21,2002-Ohio-68. Thus, we move on to an analysis, in the abstract, of the elements of felonious assault and attempted murder to determine whether they may be considered allied offenses. Attempted murder is committed by purposely engaging in conduct that, if successful, would constitute or result in the purposeful death of another person. R.C. 2903.02(A) and 2923.02(A). Appellant was also indicted under R.C. 2903.11(A)(2), which defines felonious assault as knowingly causing or attempting to cause physical harm to another by means of a deadly weapon or dangerous ordinance. By examining the elements of each offense, it is clear that a felonious assault may occur where the elements of attempted murder would not be satisfied, and likewise, an attempted murder may be accomplished without the use of a deadly weapon or dangerous ordinance. Therefore, it cannot be said that the commission of one of these offenses will result in the commission of the other; thus, they are not allied offenses of similar import. See State v. Waddell (Aug. 15, 2000), Franklin App. No. 99 AP-1130.
 {¶ 8} Based on this finding, analysis of whether the appellant committed the crimes with separate animus is unnecessary. Appellant's first assignment of error is overruled.
 {¶ 9} "II. The imposition of consecutive sentences was contrary to law."
 {¶ 10} Abuse of discretion is not the standard of review with respect to sentencing; instead, an appellate court must find error by clear and convincing evidence. R.C. 2953.08(G)(2) provides that an appellate court may not increase, reduce, or otherwise modify a sentence imposed under Senate Bill 2 unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. Clear and convincing evidence is more than a mere preponderance of the evidence; it is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." State v. Garcia (1998),126 Ohio App.3d 485, citing Cincinnati Bar Assn. v. Massengale (1991),58 Ohio St.3d 121, 122. When reviewing the propriety of the sentence imposed, an appellate court shall examine the record, including the oral or written statements at the sentencing hearing and the presentence investigation report. R.C.2953.08(F)(1)-(4).
 {¶ 11} The imposition of consecutive sentences is governed by R.C. 2929.14(E), which provides:
 {¶ 12} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 13} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17 or 2929.18
of the Revised Code, or was under post-release control for a prior offense.
 {¶ 14} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 15} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 16} R.C. 2929.19(B) requires the trial court to explain its reasons for imposing consecutive sentences and provides in pertinent part:
 {¶ 17} "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 18} "* * *
 {¶ 19} "(c) If it imposes consecutive sentences under section2929.14 of the Revised Code, its reasons for imposing the consecutive sentences; * * *."
 {¶ 20} When a judge imposes consecutive terms of incarceration, but fails to comply with R.C. 2929.14(E)(4), there is reversible error. State v. Beck (Mar. 30, 2000), Cuyahoga App. No. 75193, citing State v. Albert (1997),124 Ohio App.3d 225. Thus, the court must make the findings, as outlined above, and state on the record its reasons for doing so before a defendant can be properly sentenced to consecutive terms.
 {¶ 21} In the instant case, the parties agree that the trial court made the requisite statutory findings on the record to support the imposition of a consecutive sentence. The appellant argues, however, that the court failed to note specific factual reasons which would support those findings. We agree with the appellant that while all the correct statutory factors are present, the trial court failed to incorporate into the record the specific reasons for those findings relative to the appellant's conduct in this case. Therefore, appellant's second assignment of error has merit.
 {¶ 22} "III. The trial court erred in instructing the jury that appellant's flight from the scene was circumstantial evidence of consciousness of guilt."
 {¶ 23} Evidence of flight is admissible as tending to show consciousness of guilt. State v. Eaton (1969),10 Ohio St.2d 145, 160, vacated on other grounds (1972), 408 U.S. 935; Statev. Williams (1997), 79 Ohio St.3d 1, 26. It is well within a trial court's discretion to issue an instruction on flight if sufficient evidence exists in the record to support the charge.State v. Benjamin, Cuyahoga App. No. 80654, 2003-Ohio-281, 29, 31.
 {¶ 24} The trial court in the instant case instructed the jury that, while evidence of flight in and of itself does not raise a presumption of guilt, the jury may consider that evidence in their determination of guilt or innocence. Further, testimony elicited from eyewitnesses and police officers detailed the appellant's behavior subsequent to the shooting, including his flight from the scene and eventual apprehension in Pennsylvania. Therefore, there was sufficient evidence that the appellant did flee the jurisdiction after the attack, and a flight instruction was warranted. Appellant's third assignment of error lacks merit and must fail.
 {¶ 25} "IV. The defendant was denied his right to a fair trial and presumption of innocence by the state's comments in the presence of the jury that the defendant was in jail."
 {¶ 26} We decline to address appellant's fourth assignment of error because it appears to be based on a misinterpretation of the record. Appellant argues that the State made reference to the appellant's status as a prisoner in the county jail in cross examination of a witness. Upon review of the trial transcript, it appears that it was the appellant's own counsel who pointed out to the jury several times that the appellant was incarcerated. Appellant has not raised ineffective assistance of counsel as an assignment of error; therefore, his argument here is misplaced.
 {¶ 27} "V. The conviction for the defendant's convictions were against manifest weight of the evidence (sic)."
 {¶ 28} Finally, appellant argues that the verdict is against the manifest weight of the evidence. The standard employed when reviewing a claim based upon the weight of the evidence is not the same standard to be used when considering a claim based upon the sufficiency of the evidence. The United States Supreme Court recognized these distinctions in Tibbs v. Florida (1982),457 U.S. 31, in which the court held that, unlike a reversal based upon the insufficiency of the evidence, an appellate court's disagreement with the jurors' weighing of the evidence does not require special deference accorded verdicts of acquittal, i.e., invocation of the double jeopardy clause as a bar to relitigation. Id. at 43.
 {¶ 29} Upon application of the standards enunciated inTibbs, the court in State v. Martin (1983),20 Ohio App.3d 172,175 has set forth the proper test to be utilized when addressing the issue of manifest weight of the evidence. The Martin court stated:
 {¶ 30} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."
 {¶ 31} In determining whether a judgment of conviction is against the manifest weight of the evidence, this court in Statev. Wilson (June 9, 1994), Cuyahoga App. Nos. 64442 and 64443, adopted the guidelines set forth in State v. Mattison (1985),23 Ohio App.3d 10, syllabus. These factors, which this court noted are in no way exhaustive, include: "1) Knowledge that even a reviewing court is not required to accept the incredible as true; 2) Whether evidence is uncontradicted; 3) Whether a witness was impeached; 4) Attention to what was not proved; 5) The certainty of the evidence; 6) The reliability of the evidence; 7) The extent to which a witness may have a personal interest to advance or defend their testimony; and 8) The extent to which the evidence is vague, uncertain, conflicting or fragmentary." Id.; See State v. Moore, Cuyahoga App. No. 81876, 2003-Ohio-3526.
 {¶ 32} After a careful inspection of the record, we find no evidence that the jury lost its way in this case. One witness testified that she saw the appellant with a gun moments before the shooting occurred. Another told the jury that the appellant chased the victim down the alley where the shooting eventually took place. Several eyewitnesses testified as to seeing the appellant standing over the victim while he was being shot. Evidence was introduced regarding the appellant's flight from the scene and attempts to evade police. The victim positively identified the appellant as his assailant. In light of all this evidence, we cannot say that the jury lost its way here. Appellant's fifth assignment of error must therefore fail.
 {¶ 33} Judgment affirmed in part, reversed in part and remanded for resentencing only.
 {¶ 34} This cause is affirmed in part, reversed in part and remanded to the lower court for further proceedings consistent with this opinion.
Kilbane, P.J., and Dyke, J., concur.
It is ordered that appellant and appellee share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.