JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant Ronald Broughton appeals his conviction for drug possession. After a thorough review of the record and the arguments of the parties, for the reasons set forth below, we affirm.
 {¶ 2} On July 14, 2005, the Cuyahoga County Grand Jury returned an indictment against appellant on one count of drug possession, in violation of R.C. 2925.11. A jury trial commenced on August 30, 2006. On September 1, 2006, the jury returned a guilty verdict on the charge. On October 6, 2006, appellant was sentenced to two years of community control.
 {¶ 3} The incident that gave rise to appellant's conviction took place on May 19, 2005 in an area of Cleveland well known for its numerous complaints of drug activity. While patrolling St. Clair Avenue, two Cleveland police officers, Officer Michael Benz and Officer Robert Sauterer, noticed a stopped car impeding the flow of traffic on East 95th Street, a narrow one-way street. Beside the driver's door, the officers could see a man leaning in the driver's side window. The officers reversed their direction on St. Clair and turned north on East 95th Street, heading the wrong way up the street. Upon seeing the police car approaching, the man leaning in the car window turned and fled up the street and through adjacent neighborhood yards. The driver remained in the stopped car.
 {¶ 4} The police officers approached the car and noticed the windshield was cracked. Officer Benz asked the driver for his driver's license. Appellant, the sole *Page 4 
occupant of the car, responded he did not have a license. Officer Benz placed appellant in the zone car so he could run information through the computer to identify him. Subsequently, appellant was put under arrest for the driving violations, including driving without a license. Officer Sauterer then inventoried the contents of the car since appellant was under arrest and the car was going to be towed. During the inventory, Officer Sauterer noticed an opened pack of cigarettes located on the center console of the car within reach of the driver. The cigarette pack contained some cigarettes and a glass crack pipe. Officer Sauterer placed the pipe in an evidence bag and sent it to the lab to be tested.
 {¶ 5} Three independent tests were performed by Scott Miller of the Cleveland police department's forensic laboratory to determine what, if any, substance was in the pipe. Miller testified that all three tests showed that residue in the glass crack pipe amounted to less than five grams of cocaine.
 {¶ 6} At trial, after both the prosecution and defense rested, defense counsel requested that the trial court instruct the jury on the charge of possession of drug paraphernalia, under R.C. 2925.14(C), a misdemeanor. The trial court refused to do so and instead instructed the jury on the charge of possession of drugs, under R.C. 2925.11, a fifth degree felony. The jury returned a verdict of guilty, and the court sentenced appellant to two years community control. It is this conviction that appellant now appeals. *Page 5 
 {¶ 7} Appellant brings this appeal asserting three assignments of error for our review. For ease of discussion, we will address appellant's assignments of error out of order.
 Ineffective Assistance of Counsel {¶ 8} "Assignment of Error III: Ronald Broughton's counsel was ineffective by neglecting to motion the court to suppress evidence."
 {¶ 9} Appellant argues that his attorney's failure to file a motion to suppress evidence the police found in his car constitutes ineffective assistance of counsel. Specifically, appellant argues that his attorney should have filed a motion to suppress the crack pipe the police officers found because their search of his car was unlawful. Without the evidence from the search, appellant's conviction could not stand. We find appellant's argument without merit.
 {¶ 10} In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that: 1) the performance of defense counsel was seriously flawed and deficient; and 2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation.Strickland v. Washington (1984), 466 U.S. 668; State v. Brooks (1986),25 Ohio St.3d 144. In reviewing a claim of ineffective assistance of counsel, it must be presumed that a properly licensed attorney executes his legal duty in an ethical and competent manner. State v. Smith
(1985), 17 Ohio St.3d 98; Vaughn v. Maxwell (1965), 2 Ohio St.2d 299. *Page 6 
 {¶ 11} In State v. Bradley (1989), 42 Ohio St.3d 136, the Supreme Court of Ohio followed the Strickland Court with regard to the issue of ineffective assistance of counsel, holding that: "When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness." State v. Lytle (1976),48 Ohio St.2d 391, 396-397, 2 O.O.3d 495, 498, 358 N.E.2d 623, 627, vacated in part on other grounds (1978), 438 U.S. 910.
 {¶ 12} "Even assuming that counsel's performance was ineffective, this is not sufficient to warrant reversal of a conviction. `An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. Cf. United States v. Morrison, 449 U.S. 361, 364-365
(1981).' Strickland, supra, at 691. To warrant reversal, `[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' Strickland, supra, at 694. In adopting this standard, it is important *Page 7 
to note that the court specifically rejected lesser standards for demonstrating prejudice. * * *
 {¶ 13} "Accordingly, to show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v.Bradley, supra, at 141, 142.
 {¶ 14} Appellant's argument fails the first prong of theStrickland test. Trial counsel's representation of appellant was not deficient because filing a motion to suppress under the present circumstances would have been futile. The officers did not violate appellant's constitutional rights under the Fourth Amendment; therefore, the evidence they recovered was admissible at trial. The officers acted lawfully when they inventoried the contents of appellant's car pursuant to his lawful arrest. It was this inventory that led to the officers' discovery of appellant's crack pipe in his cigarette pack.
 {¶ 15} The scope of our review regarding a motion to suppress was set forth by this court in State v. Curry (1994), 95 Ohio App.3d 93, 96. In a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate witness credibility. State v. Clay (1973), 34 Ohio St.2d 250,63 Ohio Op.2d 391, 298 N.E.2d 137. A reviewing court is bound to accept those findings of fact if supported by competent, credible evidence. SeeState v. Schiebel (1990), 55 Ohio St.3d 71, 564 N.E.2d 54. However, without *Page 8 
deference to the trial court's conclusion, it must be determined independently whether, as a matter of law, the facts meet the appropriate legal standard. State v. Claytor (1993), 85 Ohio App.3d 623,627, 620 N.E.2d 906, 908 (court found the initial stop of the vehicle was proper due to the obscured license plate). As the Ohio Supreme Court held in Dayton v. Erikson (1996), 76 Ohio St.3d 3, syllabus, when a "police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States Constitution, even if the officer had some ulterior motive for making the stop, such as a suspicion that the violator was engaging in more nefarious criminal activity."
 {¶ 16} Recovering appellant's crack pipe from his car was lawful. When Officers Benz and Sauterer first noticed appellant's car, the car was stopped in the middle of the road, blocking traffic on East 95th Street. As the officers approached the car, they noticed appellant's windshield was cracked. This situation warranted the officers issuing traffic citations to appellant. When the officers asked appellant for his driver's license, he did not have it, and the officers discovered his license had been suspended. Therefore, the officers placed appellant under arrest, handcuffed him, put him in the back of the zone car, and proceeded to inventory appellant's car before having it towed.
 {¶ 17} An inventory search of a car is lawful when police order the vehicle to be towed. An inventory search of a lawfully impounded vehicle is a well-defined *Page 9 
exception to the warrant requirement of the Fourth Amendment to the United States Constitution. Colorado v. Bertine (1987), 479 U.S. 367,371, 107 S.Ct. 738, 93 L.Ed.2d 739; South Dakota v. Opperman (1976),428 U.S. 364, 367, 96 S.Ct. 3092, 49 L.Ed.2d 1000. This exception permits police to conduct a warrantless search of a vehicle for the purpose of inventorying its contents after the vehicle has been lawfully impounded.State v. Mesa, 87 Ohio St.3d 105, 108-109, 1999-Ohio-253,717 N.E.2d 329. See, also, Opperman, supra.
 {¶ 18} Officers Benz and Sauterer did not violate appellant'sFourth Amendment rights because they were preparing his car to be towed. Consequently, their discovery of appellant's crack pipe was lawful as a result of the inventory. Had counsel for appellant filed a motion to suppress this evidence, it would have been denied. Appellant's counsel's representation was not deficient and does not satisfy the first prong ofStrickland. Therefore, we are not required to address the second prong of the test. Appellant's claim of ineffective assistance of counsel is overruled, and the trial court's ruling is affirmed.
 Sufficiency of the Evidence {¶ 19} "Assignment of Error II: The evidence was insufficient to convict defendant."
 {¶ 20} Appellant argues that the evidence at trial was insufficient to support a guilty verdict. The standard of review regarding the sufficiency of evidence is set forth in State v. Jenks (1991),61 Ohio St. 3d 259. The Jenks court held that "[a]n *Page 10 
appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence submitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Jenks, supra. We find that the trial court did not err when it denied appellant's motion for a directed verdict.
 {¶ 21} Having overruled appellant's claim of ineffective assistance of counsel, we find that his claim of insufficient evidence fails. The testimony of the police officers about the crack pipe, along with Scott Miller's forensic testimony regarding the cocaine residue in the pipe, could lead a trier of fact to find all elements of the charge of drug possession proven beyond a reasonable doubt. It is not for this court to overturn a jury verdict when there is sufficient evidence to support a guilty verdict; therefore, we overrule appellant's second assignment of error.
 Jury Instructions {¶ 22} "Assignment of Error I: The court erred in refusing to charge the jury with possession of drug paraphernalia or drug abuse instrument."
 {¶ 23} Appellant argues that the trial court erred when it refused to instruct the jury on the charge of possession of drug paraphernalia, a lesser included offense, rather than on the one it charged the jury with, possession of drugs. In further *Page 11 
support of this argument, appellant argues that possession of drug paraphernalia is a lesser included offense of possession of drugs; therefore, appellant was entitled to a charge for this misdemeanor offense. This argument lacks merit.
 {¶ 24} Under Crim.R. 30, the trial court is required to "give the jury complete instructions after the arguments are completed." Crim.R. 30(A). The proper standard of review for the reviewing court is whether the judge's refusal to give an instruction was an abuse of discretion under the facts and circumstances of a case. State v. Wolons (1989),44 Ohio St.3d 64. To constitute an abuse of discretion, the ruling must be more than legal error; it must be unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 50 OBR 481,450 N.E.2d 1140.
 {¶ 25} Possession of drug paraphernalia is not a lesser included offense of possession of drugs, and this court's ruling in State v.Smith (July 6, 2000), Cuyahoga App. No. 76501, applies. In facts similar to those in this case, the Smith court held that the appellant was not entitled to a separate jury instruction for possession of drug paraphernalia when he possessed a crack pipe with cocaine residue. The court, holding that these two offenses are not allied offenses of similar import under Newark v. Vazirini (1990), 48 Ohio St.3d 81, affirmed the trial court's jury instruction on possession of drugs, not on possession of drug paraphernalia.
 {¶ 26} In the case before us, the trial court heard appellant's argument regarding the requested jury instruction and denied it. It found that the facts and *Page 12 
circumstances presented at trial supported the jury instruction on possession of drugs, not possession of drug paraphernalia. This determination was not an abuse of discretion by the trial court; therefore, we affirm the trial court's ruling on the first assignment of error.
 {¶ 27} Judgment is hereby affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MARY EILEEN KILBANE, J., and PATRICIA ANN BLACKMON, J., CONCUR *Page 1